MICHAEL G. HEATHE *v*. STATE OF INDIANA.

[No. 970S211. Filed November 9, 1971.]

*Donald D. Chiapetta,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

DeBRULER, J.—The appellant in this case was charged by affidavit with the commission of the crime of entering to commit a felony and the possession of burglary tools. The appellant entered a plea of guilty to the charge of entering to commit a felony, and thereafter, the charge of possession of burglary tools was dismissed. The appellant was then found guilty by the court of entering to commit a felony and was sentenced to the Indiana State Prison for a period of from one to ten years. The sole issue before this Court at this time concerns the validity of that sentence.

The appellant's position is that he was sentenced in violation

of Art. 1, § 16 of the Constitution of Indiana, which section reads as follows:

"Excessive bail shall not be required. . . . Cruel and unusual punishment shall not be inflicted. All penalties shall be proportioned to the nature of the offense."

His argument, in brief, is that the crime of entering to commit a felony is a lesser included offense of the crime of second degree burglary, and that it is unconstitutional to impose a higher sentence for a lesser included offense than would be imposed for the higher offense. We agree with appellant and, therefore, remand this case to the trial court with instructions to modify the sentence by reducing the maximum to five years.

The appellant was tried in this case under an affidavit charging that he,

"did then and there unlawfully and feloniously enter the enclosed building of Green Hills Country Club, Inc., a corporation, then and there located on Ball Road, in Delaware County, State of Indiana with the intent to commit a felony therein, to-wit: to commit the crime of theft of the property of the said Green Hills Country Club, Inc."

We have previously determined that the charge of entering a structure other than a dwelling house or a place of human habitation with the intent to commit a felony therein is a lesser included offense of second degree burglary. *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498; *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246. It has also been established in Indiana that an indeterminate sentence is for the maximum time prescribed by the statute, *Hobbs* v. *State, supra,* so that the ten year maximum sentence for the lesser included offense of entering to commit a felony is clearly greater than the five year maximum sentence for the higher crime of second degree burglary. As we said in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815:

"We do not challenge the right of the prosecutor to seek conviction of a lesser included offense where the facts before the Court show the commission of a greater offense. Caudill v. State (1946), 244 Ind. 531, 69 N. E. 2d 549. We in no way modify our decision on the constitutionality of a *determinate* v. *indeterminate* sentencing procedure. Taylor v. State (supra). We do hold, however, that the legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense." (Original emphasis.) 251 Ind. at 253.

In *Dembowski, supra,* this Court relied on *Weems* v. *U. S.* (1910), 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793 in which it was stated that "it is a precept of justice that punishment for crime should be graduated and proportioned to the offense." 217 U. S. at 367. We then went on to state:

"Article 1, Section Sixteen (16), of the Indiana Constitution (supra) commands the legislature of this State to proportion punishments with the nature of the offense. To place a reading on this provision other than that as stated by the Supreme Court in Weems (supra) would be to ignore the clear mandate of the language." 251 Ind. at 255.

In *Hobbs* v. *State, supra,* we relied on *Dembowski, supra,* in a case very similar to the case at bar.

The State in this case makes no attack on these prior rulings, but attempts to limit their application to the situation, as in *Hobbs,* where the higher offense was in fact charged and the defendant was found guilty of a lesser included offense. However, such a limitation would lead to the result that the statute in question would have two different maximum sentences depending on the manner in which the State proceeded to trial, and would allow the State to systematically increase the maximum penalty for second degree burglary by charging the lesser included offense of entering with intent to commit a felony in every case. We

cannot condone such a result. Entering to commit a felony in this case is a lesser included offense of second degree burglary whether or not second degree burglary was charged in the case. The constitutional mandate that "all penalties shall be proportioned to the nature of the offense" requires that the maximum for a lesser offense be less than the maximum for a higher offense. This same result is mandated by the Constitution of the United States. *Dembowski v. State, supra; Willoughby v. Phend,* 301 F. Supp. 644 (N.D. Ind. 1969).

This cause is remanded to the trial court and the trial court is ordered to modify the sentence by reducing the maximum to five years.

Arterburn, C.J., Givan and Prentice, JJ., concur; Hunter, J., dissents without opinion.

NOTE.—Reported in 274 N. E. 2d 697.