HAROLD EDGAR EASTON *v.* STATE OF INDIANA.

[No. 1270S317. Filed March 23, 1972. Rehearing denied May 1, 1972.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of entering to commit a felony, in violation of Acts of 1941, ch. 148, § 5, 1956 Repl. Burns Ind. Stat. Ann. § 10-704, I.C. 35-13-5-5. He was sentenced to imprisonment for not less than one nor more than ten years and disfranchised for five years. This appeal presents three questions for review:

(1)  Defendant's eligibility for discharge under criminal trial rule 4-A,

(2)  Admissibility of testimony of an investigating police officer concerning the description of a suspect as related to him by a witness, and

(3)  The sufficiency of the evidence.

(1) Defendant was arrested and incarcerated on March 20, 1970. His trial commenced on September 21, 1970, or one day following the expiration of the six months period allowed by the rule. Defendant's court appointed counsel, however, had filed a motion for a change of judge and a motion for a continuance, both of which had been granted and occasioned delays chargeable to him. *Harbaugh* v. *State* (1955), 234 Ind. 420, 126 N. E. 2d 576; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649. He contends, however, that these delays cannot properly be so charged. With reference to the change of judge, he maintains that to charge him with the delay requires him to elect between his constitutional guaranties of a speedy trial and a trial by an unbiased court. As to both the change of judge and the continuance, he urges that both requests were made by his court appointed counsel without personal knowledge on his part, that any delay caused thereby would waive his right to trial within six months and that, notwithstanding the general rules that actions of the attorney are those of the defendant (*Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459) he could not be held to a waiver without a showing that it was intelligently and understandingly made.

We think these propositions of the defendant to be untenable for several reasons, the least arguable of which is that while the Constitution guarantees the right to a speedy trial, it does not guarantee one within six months under all circumstances—or for that matter under any circumstances. The six months limitation has been prescribed by this Court as a reasonable time. It is in no sense a constitutional guaranty and is subject to reasonable exceptions, limitations and modifications, as we shall determine necessary to carry out its constitutional purpose.

Further, with reference to Defendant's application for a change of judge, it was neither predicated upon nor granted by reason of bias. It was a simple motion under Criminal Rule 12. It stated no cause, and it was sustained without

comment. We will not presume bias from the mere filing of a motion for change of judge.

(2) One of the investigating officers was permitted to testify over Defendant's objection as follows:

> *"Question:* Did you say you noted the description in your notebook?
>
> *Answer:* I did.
>
> *Question:* And what was that?
>
> *Mr. Neal:* I am going to object on the ground that any description given to him out of court is complete heresay (sic) information.
>
> *The Court:* Well, it is in his line of investigative duties if he takes a description whether it is pertinent or not. The objection will be overruled.
>
> *Question:* What was that description?
>
> *Answer:* She described a man that she said walked across the porch as short, stocky, colored male, in his thirties, with bushy hair and carrying a shopping bag."

In *Wells* v. *State* (1970), 254 Ind. 608, 261 N. E. 2d 865, we said:

> "Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. (McCormick, Evidence § 225)." 261 N. E. 2d at 869.

The testimony objected to was a statement made out of court and offered as an assertion to show the truth of the matter asserted, namely the description of a suspect. It rested for its value upon the credibility of the out-of-court asserter, who was not under oath, not subject to confrontation by the jury and most importantly, not subject to cross examination by the defendant. It should have been excluded. However, we do not see how its admission could have affected the substantial rights of Defendant, hence the application of Trial Rule 61 precludes a reversal upon this specification.

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The out-of-court assertions related by the witness came from Jessie Nash, who testified at the trial and there positively identified Defendant as the person she had observed, at the approximate time of the break-in, come from the premises of the prosecuting witness, carrying a blue and white shopping bag, walk across her porch, down the steps and proceed through the alley-way, towards the next street. The improperly admitted out-of-court assertion was that she saw a stocky colored male, in his thirties, with bushy hair and carrying a shopping bag, walk across her porch. Although there is no testimony that this occurred at the approximate time of the break-in, we think that to be the only inference that may reasonably be drawn. Nevertheless, it must be regarded as harmless, for one of two reasons. There is no description of the defendant in the record, except such as may be inferred from the objectionable testimony. If the defendant did not match that description, then obviously the admission of such testimony would have been favorable to him, as indicative that he was not the person whom Mrs. Nash had described to the police officer. It has been previously held that the admission of incompetent evidence is harmless, where the finding on such issue was in favor of the party objecting. *Robbins* v. *Masteller, et al.* (1897), 147 Ind. 122, 46 N. E. 330. If, however, the defendant's appearance matched the description related by Mrs. Nash to the officer, it must, nevertheless, be regarded as harmless error; because it merely related to the issue of the identity of the person seen by her walking across

her porch, and this had been clearly established by her properly admitted and undisputed testimony. We have long held that the admission of improper evidence which tends only to disclose a fact clearly proved by other legitimate and uncontradicted evidence is harmless error. *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21; *Shockley* v. *State* (1924), 194 Ind. 321, 142 N. E. 850.

(3)  Upon the issue of the sufficiency of the evidence, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383.

This Court, on appeal, will not weigh the evidence or determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

Reviewing the evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom, we find that the dwelling of the prosecuting witness, Lula Hooks, was the south side of a duplex house which faced east. Mrs. Nash lived in the north half of the same duplex, and a house occupied by Theresa Williams on the south was separated from Miss Hooks' premises only by a driveway. Miss Hooks left her home on the day of the break-in at approximately 7:00 a.m., and Charles Williams, who resided with her, at approximately 7:30 a.m., at which time the premises

were in good order. At approximately 10:30 a.m., the defendant appeared at Theresa Williams' door and asked for Charles Williams, was told that he did not live there and left. At approximately 10:30 to 11:00 a.m., Mrs. Nash was in the back of her home and heard a tinkling sound such as breaking glass would make. She looked out a west window and could see only the arm of a man who was in the vicinity of a west window to the basement of the Hooks' premises. Thinking probably it was Charles Williams, she did not investigate. Approximately fifteen minutes later, Mrs. Nash was in the front of her house and saw the defendant walk across her porch, down the steps and down an alley-way towards the next street. He was coming from the direction of the Hooks' premises and was carrying a blue and white shopping bag which was full. In the early afternoon, Theresa Williams noticed the window glass in the door on the south side of the Hooks' premises was broken, and she telephoned Miss Hooks at her work and notified her. In response to that call Miss Hooks arrived home at approximately 2:00 p.m. and discovered that someone had broken into her home. The basement window at the rear of the house was broken, as was the window in the kitchen door on the south side of the house. Inside the house, her bedroom was disheveled. Her shoes, which had been left in a blue and white shopping bag in the closet, were strewn upon the floor. The bag and her leather coat, which had also been left in the closet, were gone.

In the recent case of *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4, we said:

> "Although the evidence in this case is circumstantial, we cannot say, as a matter of law, that the trial court acted unreasonably. While the 'scintilla of evidence' does not apply and will not support a verdict of guilty in a criminal case: Easton v. State (1967), 248 Ind. 338, 228 N. E. 2d 6; Thomas v. State (1958), 238 Ind. 658, 154 N. E. 2d 503; Baker v. State (1956), 236 Ind. 55, 138 N. E. 2d 641; neither is mathematical certainty required; [Chambers v. State (1953), 232 Ind. 349, 111 N. E. 2d 816] and we cannot say that no reasonable man could, from such evidence,

find the defendants guilty beyond a reasonable doubt, as the rule of law defining 'proof beyond a reasonable doubt' has been established by this Court and is set forth in Chambers v. State, supra." 275 N. E. 2d at 6.

We find that the evidence clearly supports the verdict, and the judgment of the trial court is accordingly affirmed, as hereinafter modified.

The defendant's sentence, however, is excessive and unconstitutional. We have previously held that the sentence for a lesser included offense may not exceed that provided for the greater offense. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498. We have also previously determined that an indeterminate sentence is for the maximum time prescribed by the Statute. *Hobbs* v. *State, supra.* Entering to commit a felony is a lesser included offense of second degree burglary under the test set forth in *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405, recently reaffirmed in *Hobbs* v. *State, supra,* and for which the sentence is not less than two nor more than five years. *Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697. It follows that the defendant's sentence should have been for not less than one nor more than five years, and the cause is accordingly remanded to the trial court, sua sponte, with instructions to enter a corrected judgment and commitment order nunc pro tunc for not less than one nor more than five years.

Arterburn, C. J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 307.