BURDELL GOODWIN *v.* STATE OF INDIANA.

[No. 372A157. Filed September 1, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Paul J. Baldoni,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

STATON, J.—Burdell Goodwin, age twenty years, waived arraignment on February 11, 1963 and entered his plea of guilty to entering to commit a felony. The affidavit charged him with first degree burglary. He was placed on probation. Several months later, he violated his probation and was sentenced to the Indiana State Reformatory for a term of not less than one nor more than ten years. He filed a petition for post conviction relief on May 5, 1971 which was denied. Only one question of error is presented by this appeal: Should Burdell Goodwin's sentence be corrected to a term of not less than one nor more than five years?

In our opinion which follows, we reverse the trial court's judgment with instructions to enter a corrected judgment for not less than one nor more than five years.

There is only one indeterminate sentence for entering to commit a felony. This sentence is a term of not less than one year nor more than five years. Entering to commit a felony is a lesser includable offense of second degree burglary, which provides for a sentence of not less than two nor more than five years.

An indeterminate sentence is for the maximum time prescribed by statute. *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498; *Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697. Burdell Goodwin pleaded guilty to entering to commit a felony. The penalty for entering to commit a felony is one to five years since it is a lesser includable offense of second degree burglary. Assessing a penalty of not less than one nor more than ten years for the offense of entering to commit a felony is error. The ten year maximum is greater than the maximum of five years for second degree burglary. Assessing such a penalty violates the Eighth Amendment to the United States Constitution and Art. 1, § 16 of the Indiana Constitution. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815.

In *Heathe* v. *State, supra,* our Supreme Court stated:

"The State in this case makes no attack on these prior rulings, but attempts to limit their application to the situation, as in *Hobbs,* where the higher offense was in fact charged and the defendant was found guilty of a lesser included offense. However, such a limitation would lead to the result that the statute in question would have two different maximum sentences depending on the manner in which the State proceeded to trial, and would allow the State to systematically increase the maximum penalty for second degree burglary by charging the lesser included offense of entering with intent to commit a felony in every case. We cannot condone such a result. Entering to commit a felony in this case is a lesser included offense of second degree burglary whether or not second degree burglary was charged in the case. The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be less than the maximum for a higher offense. This same result is man-

dated by the Constitution of the United States, *Dembowski* v. *State, supra;* Willoughby v. Phend, 301 F. Supp. 644 (N.D. Ind. 1969)." 274 N. E. 2d at 698-699.

In *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307, 311, our Supreme Court stated in an opinion written by Justice Prentice in which the entire court concurred:

"The defendant's sentence, however, is excessive and unconstitutional. We have previously held that the sentence for a lesser included offense may not exceed that provided for the greater offense. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498. We have also previously determined that an indeterminate sentence is for the maximum time prescribed by the statute. *Hobbs* v. *State, supra,* Entering to commit a felony is a lesser included offense of second degree burglary under the test set forth in *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405, recently affirmed in *Hobbs* v. *State, supra,* and for which the sentence is not less than two nor more than five years. *Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697. It follows that the defendant's sentence should have been for not less than one nor more than five years, and the cause is accordingly remanded to the trial court, sua sponte, with instructions to enter a corrected judgment and commitment order nunc pro tunc for not less than one year nor more than five years."

In *Paschall* v. *State* (1972), 152 Ind. App. 408, 283 N. E. 2d 801, this Court considered a fact situation very similar to the present case. The defendant had been charged in the affidavit with the offense of first degree burglary and was convicted by a jury of the offense of entering to commit a felony. The defendant was sentenced to the Indiana State Reformatory for a term of one to ten years. This Court in an opinion written by Judge Lybrook reversed the trial court and stated:

"A recent line of cases brings us to the conclusion that the maximum sentence for Entering to Commit a Felony is not less than one nor more than five years. This is a lesser included offense under the Second Degree Burglary statute, IC 1971, 35-13-4-4; § 10-701(b) (Burns 1956), which carries not less than two nor more than five years.

*"Landaw* v. *State* (1972), 258 Ind. 67, 279 N. E. 2d 230;
*Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307;
*Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697;
*Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498.

"In accordance with the above cases, this cause is remanded to the trial court with the direction to enter a corrected judgment for commitment nunc pro tunc for not less than one nor more than five years." *Paschall, supra,* 283 N. E. 2d at 804.

The judgment of the trial court should be and the same hereby is reversed with instructions to correct the judgment sentencing Burdell Goodwin for not less than one nor more than ten years nunc pro tunc to a sentence of not less than one nor more than five years.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 286 N. E. 2d 703.