WARREN L. LEE *v*. STATE OF INDIANA.

[No. 571S133. Filed September 8, 1972.]

*Chester R. Hobbs,* of Salem, for appellant.

*Theodore L. Sendak,* Attorney General, *Paul Frazier,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by affidavit with First Degree Burglary in violation of Acts 1941, ch. 148, § 4, 1956 Repl. Burns Ind. Stat. Ann. § 10-701, IC 1971, 35-13-5-4. In a trial before a jury he was convicted of the lesser included offense of entering to commit a felony in violation of Acts 1941, ch. 148, § 5, 1956 Repl. Burns Ind. Stat. Ann. § 10-704, IC 1971, 35-13-4-5. He was sentenced to the Indiana State Prison for not less than one (1) year nor more than ten (10) years, disfranchised and rendered incapable of holding any office of trust or profit for a period of five (5) years, and ordered to pay costs taxed at $36.00. The statute in relevant parts, is as follows:

> "Whoever enters any dwelling-house * * *, with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one (1) year nor more than ten (10) years, * * *."

This appeal is addressed solely to the sufficiency of the evidence upon the issue of the identification of the defendant.

When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only that evidence most favorable to the State together with all logical and reasonable inference which may be drawn therefrom. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

The conviction will be affirmed if, from that viewpoint there is substantial evidence of probative value from which the trier of the fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Coleman* v. *State, supra*; *Gibson* v. *State, supra*; *Fuller* v. *State, supra*.

This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses. *Coleman* v. *State, supra*; *Fuller* v. *State, supra*; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

Viewed most favorably to the State, the evidence adduced at the trial revealed the following.

At approximately 10:00 p.m. on December 27, 1969, Kellis Couch Jr., along with certain members of his family, returned to his father's house in rural Washington County, Indiana. Shortly after they returned, his mother, Esma Couch, saw a man in the kitchen and cried out. The intruder fled to his car in the driveway with young Couch in pursuit. He had a brief physical encounter with the intruder but was unable to prevent his escape or to see him well enough to enable him to identify him as being the defendant. He did however, obtain the license number of the car and a description of the vehicle and subsequently reported the incident to the Sheriff's office. The following day it was determined that two ladies' purses were missing from the Couch residence, one of which contained a ring designated a "Mother" ring. A short time earlier, the defendant, accompanied by several companions were driving around in the general area of the Couch premises,

stopped at the residence of Flossie Wilson and the defendant requested the use of their telephone but was refused. He requested and received directions to the Lloyd residence, but when he drove away, he turned not in the direction of the Lloyd residence but in the opposite direction, towards the Couch residence. Mrs. Wilson was suspicious of the defendant's actions, took the license number and description of the automobile driven by him and reported them to the Sheriff. In court, Mrs. Wilson identified the defendant as the same person. The defendant's companions related that on the night in question they were drinking and riding around the area with the defendant driving. They stopped at one house in the country, where the defendant alighted, went to the door briefly and returned. From there they went to another house, where the defendant backed into the driveway. He left the car and went into the house where he remained for a period of ten to twenty minutes. When he returned, he was running, and a blonde headed man who pursued him overtook him and struck him. However, the defendant managed to get in the car, threw something in the back seat, and drove off with his lights off. One of the companions thereafter saw two purses on the back seat and later in the evening the defendant gave her a ring, also designated as a "Mother" ring.

From the foregoing, the jury was warranted in finding the defendant guilty beyond a reasonable doubt.

From the foregoing, we cannot say that the evidence was insufficient. There is an apparent conflict in the evidence which the defendant contends compels a reversal. The defendant's companions testified that the defendant was in the Couch house for ten to twenty minutes, during which time they were in the auto which was parked in the Couch driveway. The members of the Couch family testified that there was no vehicle in the driveway when they arrived, and their testimony indicates that the presence of unauthorized person was discovered immediately upon their

entry. If so, the testimony of the Couch family members would repudiate that of the defendant's companions; and from this, the defendant insists, we would have to disregard their other testimony. We say that the testimony of the Couch family members "indicates" that the discovery was made immediately, because such is a reasonable inference, but it does not necessarily compel that conclusion. Another reasonable inference, from all the testimony is that the defendant and his companions arrived after the Couch family had returned and entered their home. We do not regard this as determinative upon the question, however. Admitting the inconsistencies in the testimony, arguendo, such would go only to undermine the credibility of the witnesses. Their credibility has been determined by the jury and will not be here disturbed. *Coleman* v. *State, supra; Fuller* v. *State, supra; Sanchez* v. *State, supra.*

The defendant's sentence, however, is excessive and unconstitutional. Entering to commit a felony is a lesser included offense of second degree burglary. *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498. A sentence for a lesser included offense may not exceed that provided for the greater offense. *Easton* v. *State, supra; Hobbs* v. *State, supra; Debowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815.

In *Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697 we extend the rule from *Dembowski, supra* to apply notwithstanding that the greater offense was not charged, saying:

> "The State in this case makes no attack on these prior rulings, but attempts to limit their application to the situation, as in *Hobbs,* where the higher offense was in fact charged and the defendant was found guilty of a lesser included offense. However, such a limitation would lead to the result that the statute in question would have two different maximum sentences depending on the manner in which the State proceeded to trial, and would allow the

State to systematically increase the maximum penalty for second degree burglary by charging the lesser included offense of entering with intent to commit a felony in every case. We cannot condone such a result. Entering to commit a felony in this case is a lesser included offense of second degree burglary whether or not second degree burglary was charged in the case. The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be less than the maximum for a higher offense. The same result is mandated by the Constitution of the United States. *Dembowski* v. *State, supra; Willoughby* v. *Phend,* 301 F. Supp. 644 (N. D. Ind. 1969)." 274 N. E. 2d at 698.

An indeterminate sentence is for the maximum time prescribed by the statute. *Easton* v. *State, supra; Hobbs* v. *State, supra.*

The defendant's sentence cannot be greater than that for second degree burglary which is not less than two nor more than five years. The sentence should have been for not less than one nor more than five years, and the cause is accordingly remanded to the trial court, sua sponte, with instructions to enter a corrected judgment and commitment order nunc pro tunc for not less than one nor more than five years.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 840.