DAVID HARRISON *v.* STATE OF INDIANA.

[No. 272A71. Filed February 14, 1973.]

*John M. Cronin*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

## ORDER GRANTING REHEARING AND SUBSTITUTING OPINION

Appellant having heretofore filed his Petition for Rehearing and the Court being duly advised, finds that said Petition for Rehearing should be granted and that the opinion of this Court heretofore issued in this appeal on December 29, 1972 should be withdrawn. The Court further finds that the opinion entered of record in this appeal this date should be substituted for the opinion withdrawn.

IT IS, THEREFORE, ORDERED that Appellant's Petition for Rehearing be and the same is, granted.

IT IS FURTHER ORDERED that the opinion heretofore issued and made of record be and it is hereby withdrawn and held for naught.

IT IS FURTHER ORDERED that the opinion issued and spread of record on this date be and the same is hereby substituted for the prior opinion.

Dated this 14th day of February, 1973.

GEORGE B. HOFFMAN, JR.
Chief Judge

SULLIVAN, J.—This is an appeal by David Harrison from an adverse decision rendered in a proceeding initiated by him pursuant to Post-Conviction Remedy Rule 1. Harrison

was charged by indictment with First Degree Burglary. Tried before the court without jury, Harrison was convicted of entering a dwelling house to commit a felony and was sentenced to the Indiana State Prison for not less than one year nor more than ten years. He then filed motions for a new trial, for extension of time and leave to amend, and for appointment of an attorney and free transcript. Such motions were overruled as not timely filed. Harrison then submitted a petition for post-conviction relief and later filed a petition for leave to amend that petition. Supporting the latter petition was a brief containing extensive quotations alleged to be from the record of the felony trial.[1]

Following a hearing, the court denied the petition for post-conviction relief. Harrison then filed a motion to correct errors which was overruled. This appeal presents the following issues for review:

1) Whether Harrison was adequately represented at the felony trial?
2) Whether there was sufficient evidence to support the conviction?
3) Whether there is evidence that Harrison was convicted by perjured testimony?
4) Whether the sentence imposed was constitutional?

## NO EVIDENCE OF INADEQUATE REPRESENTATION AT THE FELONY TRIAL

The appellant admits that the law presumes counsel to be competent. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803, 808; *Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 611, cert. den. (1968) 393 U.S. 835. This presumption can be overcome only if it be shown that the attorney's acts or omisisons made the proceedings a mockery and shocking to the conscience of the court. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255, 258.

The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of

---

1. A transcript of the felony trial is not a part of the record before us.

the evidence. PC. 1 § 5. Harrison asserts that he has overcome the presumption in favor of adequate representation by more than a preponderance of the evidence. We must disagree. Harrison failed to make the evidence and proceedings at his trial a part of the record. He did submit a memorandum brief supporting his motion for leave to amend but this argumentative brief refers to pages of the trial transcript—the transcript that is not included in the record. Thus, we can not now say that the evidence at trial supported Harrison's allegations made in his memorandum brief. *Miles* v. *State* (1972), 152 Ind. App. 566, 284 N.E.2d 551, 553. Consequently, Harrison's testimony and the testimony of Harrison's counsel at the felony trial was the only *evidence* presented at the hearing below concerning representation of counsel. Obviously the trial court chose to accept the testimony of the attorney over that of Harrison as was its prerogative. *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89, cert. den. (1969) 396 U.S. 821.

## NO SHOWING THAT EVIDENCE WAS NOT SUFFICIENT TO SUPPORT CONVICTION

Harrison contends that there was not sufficient evidence to prove him guilty beyond a reasonable doubt. The question of sufficiency of the evidence must normally be raised on a direct appeal. TR. 59; CR. 16. The post-conviction remedies are not a substitute for a direct appeal. PC. 1 § 1(b). See *Curry* v. *State* (1972), 154 Ind. App. 685, 290 N.E.2d 729.

Even if we were to consider this assertion, the principle is well established that, upon review, an appellate court must look to the evidence itself to determine whether it is sufficient to sustain the conviction.

In order to review a conviction alleged to be based on insufficient evidence, therefore, the evidence presented below

must be brought into the record. *Calvert* v. *State* (1968), 251 Ind. 119, 239 N.E.2d 697. A question of sufficiency is not before us when the evidence is not in the record before us. *Messersmith* v. *Smith* (1940), 217 Ind. 132, 26 N.E.2d 908.

It is the appellant's duty to present a sufficient record to the court. *Johnson* v. *State* (1972), 258 Ind. 648, 283 N.E.2d 532. Harrison has not fulfilled this duty. There is no transcript of the felony trial. We are therefore unable to say that the evidence was insufficient to support Harrison's conviction.

## NO SHOWING THAT CONVICTION RESTED UPON PERJURED TESTIMONY

Harrison submits that he was denied due process because the prosecutor used perjured testimony and that he suppressed evidence with respect to the criminal record of a witness. We are again confronted with the absence of evidence of record. Therefore, we are unable to say that Harrison was convicted by perjured testimony.

## SENTENCE IMPOSED IS NOT UNCONSTITUTIONAL PER SE BUT MUST BE MODIFIED IN ACCORDANCE WITH BINDING DECISIONAL PRECEDENT

The Constitution of Indiana provides in Article I, § 16 that "all penalties shall be proportioned to the nature of the offense." This has been interpreted to mean that a punishment for a lesser included offense can not be greater in years than the punishment for the greater offense. *Dembowski* v. *State* (1968), 251 Ind. 250, 253, 240 N.E.2d 815.

Harrison was initially charged with first degree burglary. The penalty for that offense is imprisonment for not less than ten years nor more than twenty years. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956). Harrison was convicted of entering a dwelling house to

commit a felony[2] and was sentenced to imprisonment for not less than one year nor more than ten years as provided by IC 1971, 35-13-8-1, Ind. Ann. Stat. § 10-704 (Burns 1956). The offense of entering a dwelling house with intent to commit a felony is necessarily included in the offense of first degree burglary. *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405. Consequently, Harrison's sentence for the lesser included offense of entering a dwelling house with intent to commit a felony did not exceed the sentence he could have received upon conviction of the greater offense, first degree burglary.

Nevertheless, appellant, citing *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, contends that our Supreme Court has held that the statutory penalty of one to ten years for entering to commit a felony is a per se violation of the Indiana Constitution. The Court in *Hobbs* specifically limited its decision as follows:

> "We hold that *because the appellant was originally charged with second degree burglary*, the maximum time for which is five years, it is an unconstitutional application of the included offense statute to sentence the appellant to a maximum period of ten years." (252 N.E.2d at 501) (Our emphasis)

Furthermore, *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230 and *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307 specifically noted that a penalty of one to ten years imprisonment for "entering" was not unconstitutional per se but was unconstitutional only in the sense that it unfairly exceeded the maximum penalty for the more serious and "greater" crime of second degree burglary.

Although not currently recognized by Indiana case law, a well reasoned view with respect to "lesser included offenses"

---

2. It should be noted that although the compilers have labeled the statute in question, "Entering to commit a felony", the offense described in the statute is that of entering any of a number of specifically enumerated premises, e.g., "entering a dwelling house with the intent to commit a felony therein" vis-a-vis "entering a business house with the intent to commit a felony therein".

vis-a-vis crimes consisting of different degrees is that which was approved but only partially followed in *Barker* v. *State* (1958), 238 Ind. 271 at 275, 150 N.E.2d 680:

> "Under an indictment charging a crime which has different degrees fixed by statute, a defendant may not be found guilty of any lesser included offense (other than a degree) unless such lesser included offense is stated in a separate count in the indictment or affidavit."[3]

The quoted principle recognizes the obvious demarcation between two separate and distinct, though related, statutory provisions. IC 1971, 35-1-39-1, Ind. Ann. Stat. § 9-1816 (Burns 1956) provides:

> "Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense.",

while Section 9-1817 provides:

> "*In all other cases,* the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." (Emphasis supplied)

In any event, it appears that our Supreme Court in *Barker* found an impracticality in attempting to follow the letter of the statutes and to apply the well reasoned view it had approved. Demonstration of that impracticality is implicit in the facts before us which reflect an offense necessarily included in the offense charged, which latter offense is one of "degrees". Notwithstanding the unambiguous language of § 9-1816 therefore, it is clear that a jury cannot convict one of the crime of second degree burglary under a charge of first degree burglary because the offense of lesser degree is not necessarily included in the charged offense of greater degree. *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405.[4]

---

3. Appellant does not here argue that his conviction is invalid because it is for an "included offense", as opposed to a "degree" of the crime charged.

4. Ind. Ann. Stat. § 10-701 provides in part as follows:

Despite the mutually exclusive language, "in all *other* cases," contained in § 9-1817, the *Watford* decision quite clearly authorizes conviction of a "necessarily included" lesser offense even though it is not a lesser degree of the crime charged. It is this very rationale which supports conviction, as here, for the necessarily included offense "entering a dwelling house with intent to commit a felony" under a charge of an offense consisting of different degrees, i.e., first degree burglary.

Interestingly, however, the *Barker* case *supra*, appeared to overrule *Watford* in that *Barker* held that a conviction for manslaughter, not a lesser degree of the charged crime of first degree murder, was nevertheless appropriate but that under such first degree murder charge "any other offense", i.e., a "necessarily included" offense under Burns § 9-1817, could not be sustained.

Then came *Freeman* v. *State* (1967), 249 Ind. 211, 231 N.E. 2d 246 which without citing *Barker* v. *State* reverted to and followed that portion of the *Watford* opinion which acknowledged the crime of "entering" as an included offense for which there could be a lawful conviction even though the "greater" crime, burglary, is one consisting of different degrees.

If one were to ignore the uncertain state of the law as exemplified by the *Watford, Barker, Freeman* trilogy, second degree burglary would appear to be a crime alien to the offense

"(a) Whoever breaks and enters into any dwelling house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten (10) years nor more than twenty (20) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, air-plane, or other aircraft, or any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, that the court shall have power to suspend prison sentence and place the defendant on probation in accordance with ex-isting law."

of first degree burglary and to the lesser offenses necessarily included in the offense of first degree burglary. By their very definitions, the two degrees are mutually exclusive. Yet we are confronted not only with the above trilogy but as well with the unmistakeable dictate of a recent line of cases which require that the maximum sentence for a "lesser included offense" of first degree burglary be limited by the sentence prescribed for the alien and inapposite offense of second degree burglary.

Somewhat belatedly appellant has focused our attention upon *Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840; *Goodwin* v. *State* (1972), 153 Ind. App. 203, 286 N.E.2d 703; and *Paschall* v. *State* (1972), 152 Ind. App. 408, 283 N.E.2d 801, which on their face hold that the maximum sentence for "entering [a dwelling house] with intent to commit a felony" may not exceed the sentence prescribed for second degree burglary, an offense not involving dwelling houses or other places of human habitation. Compare *Wilson* v. *State* (1973), 155 Ind. App. 100, 291 N.E.2d 570, which did not limit the 1-14 year penalty statutorily imposed for "housebreaking in the daytime" by the sentence prescribed for second degree burglary.[5]

No case has yet specifically held that proof of entering a "building or structure *other than* a dwelling house or place of human habitation" to commit a felony will support a lesser included offense conviction of one charged with first degree burglary. Nor has any case held that the reverse—that proof of entering a dwelling house or place of human habitation is sufficient to sustain a lesser-included-offense-conviction of a defendant charged with second degree burglary. Yet that also

5. IC 1971 35-1-61-2, Ind. Ann. Stat. § 10-705 (Burns 1956) provides: "Whoever, in the daytime, breaks and enters into any dwelling-house, kitchen, smoke house, outhouse, shop, office, storehouse, warehouse, mill, distillery, pottery, factory, barn, stable, schoolhouse, church, meetinghouse or building used for the purpose of religious worship, watercraft, car-factory, freight house, stationhouse, depot, railroad car, interurban or streetcar, with intent to commit the crime of larceny, shall, on conviction, be imprisoned in the county jail for not less than ten (10) days nor more than six (6) months, or in the state prison not less than one (1) year nor more than fourteen (14) years."

seems the clear implication of *Lee, Goodwin,* and *Paschall, supra.* How else can one explain the holding in *Lee* that defendant could not be sentenced for a term of one to ten years because he was being sentenced for a crime which was a lesser included offense of second degree burglary?

Implicit in *Lee, Goodwin* and *Paschall* is the unarticulated proposition that IC 1971, 35-13-8-1, Ind. Ann. Stat. § 10-704 (Burns 1956) defines but one offense which is a crime entitled "Entering to commit a felony". Only in the catch-line or rubric do we find the suggestion of that designation or title or any name, for the various types of conduct for which the statute attempts to prescribe a punishment of one to ten years imprisonment. And even though entering a dwelling house with intent to commit a felony and entering a business house with intent to commit a felony are both called "entering to commit a felony", they certainly are not identical crimes. They are no more or less identical than are the crime of breaking and entering a dwelling house to commit a felony and the crime of breaking and entering a business-house to commit a felony.

To say that the legislature exceeded its constitutional power in prescribing a sentence of from one to ten years for entering a structure not a dwelling house or place of human habitation with intent to commit a felony is not to say that it transgressed the constitution in providing the same penalty for entering a dwelling house with intent. The reason for striking down the first does not apply to the second. The statutory sentence for the second is not greater than that for the crime of which it is a "lesser included" offense.

The unfortunate incongruity of the logical extension of the doctrine enunciated in *Lee, Goodwin* and *Paschall, supra,* is made apparent by viewing the myriad possible "lesser" crimes which are includable in the crime of automobile banditry. The crime of automobile banditry itself consists of the commission or the attempt to commit a felony (the particular felony must be specifically charged) coupled with the presence of a vehicle

at or near the scene "by the use of which he or they escape or attempt to escape or intend to escape." The commission of the particular felony is a "lesser included offense". See *Steffler* v. *State* (1952), 230 Ind. 557, 104 N.E.2d 729.

Is it required that we look in the abstract to every and all of the possible crimes which might be included as the felony in an automobile banditry charge and to then hold that the penalty for that felony may not ever exceed 1-5 years which is the penalty fixed by statute for automobile banditry?

If the answer be in the affirmative as seemingly indicated by the dictate of *Lee, Goodwin* and *Paschall,* we face a Serbonian Bog. For example, even though an automobile is not factually involved in the commission of a particular felony, the penalty for commission of that felony whether it be first degree murder or first degree burglary could by the *Lee, Goodwin* and *Paschall* reasoning be limited to the penalty prescribed for the relatively insignificant "greater" offense of having an automobile at the ready for purposes of escape. See *Hatfield* v. *State* (1961), 241 Ind. 225, at 230, 171 N.E.2d 259 and *Chizum* v. *State* (1932), 203 Ind. 450, 180 N.E. 674.

Yet the fact that we cannot rationalize the reason stated in *Lee* v. *State,* and its theoretical companions, does not excuse us from following its mandate. Notwithstanding the fact that the offense for which defendant was convicted is not an offense included in second degree burglary (and may well be more serious and dangerous than second degree burglary) his "sentence cannot be greater than that for second degree burglary". *Lee* v. *State, supra,* 286 N.E.2d at 843.

Therefore, though the conviction is affirmed, the cause must be and is hereby remanded to the trial court with instructions to enter a corrected judgment and commitment order nunc pro tunc for imprisonment for not less than one nor more than five years.

Buchanan, P.J. and White, J., concur with separate statement.

White, J., with whom Buchanan, P.J. joins, concurring.

Inasmuch as the testimony of appellant's felony-trial-attorney was sufficient to establish adequacy of representation, it is unnecessary to rely on presumption or burden of proof as to that issue. My concurrence therefore implies nothing with regard to the court's statements in those respects.