JAMES LEE CLINTON, JAMES CARLOS BEARD *v.*
STATE OF INDIANA.

[No. 1-873A146. Filed January 21, 1974.]

*John D. Clouse,* of Evansville, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendants-appellants James Lee Clinton and James Carlos Beard were tried by jury on charges of First Degree Burglary and found guilty of Entering to Commit a

Felony. Each received a sentence of not less than one (1) nor more than ten (10) years.

The following issues have been preserved for review in this appeal:

1. Whether the trial court erred in refusing appellants' tendered instruction pertaining to the weight to be accorded testimony concerning appellants' admissions.

2. Whether the trial court erred in permitting the doctor whose premises had been entered to testify as to the slang expression for the drug substance taken by the appellants.

3. Whether the trial court erred in overruling appellants' motion to modify judgment as to the sentences imposed.

The evidence most favorable to the State, together with the logical and reasonable inferences to be drawn therefrom, reveals that at 1:00 A.M. on April 9, 1972, Clinton and Beard communicated to Joyce and Danny Rice their desire to "rob a doctor's house". Following their instructions, the Rices drove them to the combined office and residence of Dr. Samuel Geller. After breaking some glass to determine whether anybody was at home, Clinton and Beard entered the residence area of the premises and removed therefrom a clock radio and three hundred vials of Dsoxi-Ephredrine, commonly known as "speed".

## ISSUE 1.

Appellants first argue that the trial court erred in refusing to give their tendered instruction No. 6 which read:

"The State of Indiana, in this case, has produced certain testimony concerning admissions made by these defendants to other persons. You are to carefully consider this evidence as you should carefully consider all evidence in this case, and you have a right to consider the motive of any person who testifies concerning admissions made to him by these defendants.

"Testimony concerning these admissions of the defendants is entitled to no greater weight or credit than any other evidence given in this trial. In any event, such admissions are not conclusive evidence of defendants' guilt, nor are

they equivalent to a plea of guilty, as the defendants have both pleaded not guilty in this case."

The instruction appears to be directed principally to the testimony of State's witness officer Charlie Gibbs. Gibbs testified that he related to Beard the facts of the break-in and Beard responded, "I'm not implicating anyone but your facts are right." Gibbs further testified that both Clinton and Beard admitted possessing and selling some of the stolen property.

In arguing that the above cautionary instruction is proper, appellants direct our attention to an instruction concerning verbal admissions in *Koerner* v. *State* (1884), 98 Ind. 7. However, in that case, the defendant claimed that the instruction was erroneous since it directed the jury that it might, in its discretion, give great weight to admissions which were clearly proved and demonstrated to be freely, voluntarily, understandingly, and deliberately made. *Koerner, supra,* in no way mandated the giving of an instruction similar to that requested in the instant case.

In our opinion, appellants have failed to demonstrate error in the court's refusal to give their tendered instruction No. 6. It is well settled that error may not be predicated on the failure or refusal to give an instruction where its substance is covered by other instructions. *Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798. *Newman* v. *State* (1970), 254 Ind. 578, 261 N.E.2d 364. The jury was adequately instructed on the subject of the credibility and weight of testimony through other instructions given by the court.

## ISSUE 2.

During direct examination by the State, Dr. Geller testified that a clock radio and three hundred vials of Dsoxi-Ephredrine were found to be missing from his premises following the break-in. He was then asked whether any particular slang term is used to describe this drug, to which counsel for appellants objected. The objection was overruled, and Dr. Geller

then testified that the drug is commonly known as "speed". He then confirmed that it is an amphetamine.

Appellants argue that the introduction of this testimony is erroneous since it tends to prove commission of another crime, that being possession of dangerous drugs, to-wit: Amphetamines. However, this contention must fail since this evidence is admissible as part of the *res gestae*. Appellants gained possession of the drug substance during commission of the crime charged. Hence, the following general rule expressed by our Supreme Court in *Kiefer* v. *State* (1960), 241 Ind. 176, 169 N.E.2d 723,[1] is applicable:

> "Evidence of another and distinct crime is admissible where it was committed as part of the same transaction. . . . The *res gestae* is not confined to the act charged, but includes acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact."

## ISSUE 3.

Clinton and Beard next argue that the trial court erred in overruling their motion to modify judgment.

Appellants were charged with the offense of First Degree Burglary which carries a sentence of not less than ten (10) years nor more than twenty (20) years imprisonment. They were convicted of the lesser and included offense of Entering to Commit a Felony and were sentenced pursuant to statute to not less than one (1) year nor more than ten (10) years imprisonment.

Appellants argue that their sentences are improper since they exceed the penalty for the greater offense of Second Degree Burglary, that being imprisonment for not less than two (2) years nor more than five (5) years.

The State argues that appellants' sentences are proper since they do not exceed the penalty for the crime with which they were charged. However, our Supreme Court has re-

---

1. Cert. denied, 366 U.S. 914, 6 L.Ed.2d 238, 8 S. Ct. 1089.

sponded to that contention in *Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840, by quoting as follows from *Heathe* v. *State* (1971), 257 Ind. 345, 274 N.E.2d 697.

> " '. . . Entering to commit a felony in this case is a lesser included offense of second degree burglary whether or not second degree burglary was charged in the case. The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be less than the maximum for a higher offense. The same result is mandated by the Constitution of the United States.' "

We therefore conclude that the appellants' sentences must be modified to terms of not less than one (1) year nor more than five (5) years imprisonment.

This cause is remanded to the trial court with instructions to grant appellants' motion to modify judgment by correcting appellants' sentences to terms of not less than one (1) nor more five (5) years. In all other respects the judgment of the trial court is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 305 N.E.2d 897.