Richard THOMPSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 579S125.

Supreme Court of Indiana.

May 11, 1979.

Rehearing Denied July 30, 1979.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Richard Thompson, petitioner, was charged with first-degree burglary pursuant to Ind.Code § 35–13–4–4(a) (Burns 1975). He pled guilty to entering to commit a felony, Ind.Code § 35–13–4–5 (Burns 1975). He was sentenced, as a result of a plea bargain agreement, to an indeterminate period of one to ten years. Thompson appealed his sentence to the First District, Indiana Court of Appeals, arguing that his sentence must be reduced to one to five years. The Court of Appeals, in *Thompson v. State*, (1978) Ind.App., 380 N.E.2d 1292, determined that Thompson had failed procedurally to bring his sentencing argument within the jurisdiction of the court as a Petition for Post-Conviction Relief under Ind. R.P.C. 1. Because of the confusion created by the Court of Appeals opinion, we now vacate that opinion and grant transfer.

I.

The defendant was sentenced on January 3, 1977; on July 11, 1977, he filed a "Petition to Correct Sentence." [1] See Ind. Code § 35–8–1A–17 (Burns 1975). The petition was denied after a hearing on July 12,

---

1. § 35–8–1A–17: "Correction of an erroneous sentence. . . . If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence shall be in writing and shall be supported by a memorandum of law specifically pointing out the defect in the original sentence."

1977, and Thompson's motion to correct errors was denied August 30, 1977. The Court of Appeals vacated the trial court proceedings under a theory that Thompson should have used Ind. R.P.C. 1, § 1(a)(3) to raise the issue of the erroneous sentence at the trial court level. It is true, as the Court of Appeals reasoned, that Ind.Code § 35–8–1A–17 (Burns 1975) provides authority for a trial court to correct an erroneous sentence. But, the Court of Appeals was in error in concluding that Ind.Code § 35–8–1A–17 (Burns 1975) provides no procedural mechanism to raise the issue of an erroneous sentence. The statute clearly provides procedure: "A motion to correct sentence shall be in writing and shall be supported by a memorandum of law specifically pointing out the defect in the original sentence." We disagree with the Court of Appeals in its implied holding that Ind. R.P.C. 1 § 1(a)(3) is in conflict with Ind.Code § 35–8–1A–17 (Burns 1975). The post-conviction rule reads: "Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims: . . (3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous; . . . may institute at any time a proceeding under this Rule to secure relief." We would emphasize that the rule is permissive and not mandatory in form. The logical and necessary consequence of construing the rule with the statute is that a defendant may utilize either method to seek correction of an erroneous sentence.[2]

■ By allowing a defendant either avenue in forwarding his sentencing error, judicial time and effort may be conserved while justice is speedily and efficiently afforded those convicted of crime. When a defendant wishes to question only the propriety of his sentence, he may utilize the vehicle of Ind.Code § 35–8–1A–17 (Burns

1975). This vehicle is available to a defendant whether or not a guilty plea has been filed. Of course, the defendant may also file, within sixty days of sentencing, a motion to correct errors and designate an erroneous sentence as the complained of error. See Ind. R.Tr.P. 59(A)(7) and 59(A)(9). Weyls v. State, (1977) 266 Ind. 301, 362 N.E.2d 481. But, there is nothing in the statute which should preclude a defendant from raising the issue of an erroneous sentence at a time after sixty days have elapsed. The statute does require that the motion to correct sentence be in writing and be supported specifically. These requirements are not unlike those contemplated within Ind. R.Tr.P. 59.

■■ However, there is no requirement of verification embodied within the statutory procedure. In this regard, the statutory vehicle is decidedly less cumbersome than Ind. R.P.C. 1. We agree that the verification requirement with the post-conviction rule is not a mere technicality, but rather serves the substantial purpose of "finally closing the door to post-conviction remedies." See Owen v. State, (1975) Ind.App., 338 N.E.2d 715, 718. Nevertheless, if a defendant files with the trial court an unverified petition, purportedly under Ind. R.P.C. 1, § 1(a)(3), in which sentencing only is at issue, the court should treat that unverified petition as a motion to correct sentence pursuant to Ind.Code § 35–8–1A–17 (Burns 1975). Thus, an unverified petition (addressed only to an incorrect sentence) or a motion to correct sentence would not preclude the defendant from filing a later verified petition under Ind. R.P.C. 1 where the facts warrant such a filing. Once a trial court has ruled upon the unverified petition (addressed to the issue of an erroneous sentence) or the motion to correct sentence,

---

**2.** Ind. R.P.C. 1 § 1(b) provides that the rule "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them." (Emphasis added.) The rule was adopted August 1, 1969, while the statute (Ind.Code § 35–8–1A–17 [Burns 1975]) went into effect July 26, 1973.

Therefore, the exclusivity constraint is inapplicable here.

We would note that the Indiana Constitution, Art. 7, §§ 4 and 6 (added November 3, 1970) specifically contemplates revision and review of sentences by appellate tribunals. In addition, this Court has adopted rules (effective January 1, 1978) which provide for appellate review of sentences.

that ruling is subject to appeal via normal appellate procedures (filing of a motion to correct errors, denial of same, praecipe, etc.). Once an appealed decision has been finalized in the appellate courts, the decision does operate as a bar to further consideration of that issue in a later verified petition for post-conviction relief. Obviously, if the defendant files an unverified petition for post-conviction relief and the issue of sentencing is only one of several issues raised, the trial court may sever that issue from the rest of the petition and rule on it.[3] The balance of the petition would need verification before the trial court would have jurisdiction over it.

This common sense approach is consonant with the policy enunciated by this Court in *Lamb v. State*, (1975) 263 Ind. 137, 325 N.E.2d 180, that we strive to address post-conviction claims "rather than to preclude review by invoking procedural technicalities." 263 Ind. at 144, 325 N.E.2d at 184. Moreover, this Court has often held that an erroneous sentence may be corrected *sua sponte*. *Jones v. State*, (1977) Ind., 369 N.E.2d 418. A problem in sentencing is fundamental error, *Swininger v. State*, (1976) 265 Ind. 136, 352 N.E.2d 473, and is apparent on the face of the record, *Vawter v. State*, (1972) 258 Ind. 168, 279 N.E.2d 805. In *Kleinrichert v. State*, (1973) 260 Ind. 537, 543, 297 N.E.2d 822, 826, we stated that "a court of review cannot ignore a fundamental error which is apparent on the face of the record, such as an incorrect sentence."

"[T]he function of appellate review does not encompass a calculated search of the record to discover constitutional error; nevertheless, once constitutional error is discovered while examining the transcript or is brought to the Court's attention, it can not be ignored. Fundamental constitutional guarantees are absolute and outside the discretion of any court to ignore or deny." *Branan v. State*, (1974) 161 Ind.App. 443, 445, 316 N.E.2d 406, 408.

It is clear, then, that the defendant's filings were procedurally correct and that the First District of the Indiana Court of Appeals had jurisdiction to consider the merits of Thompson's appeal.

## II.

Thompson argues that a sentence of one to five years' imprisonment is the maximum allowable for the crime of entering to commit a felony whenever first or second-degree burglary is originally charged. He is wrong. The defendant has cited several cases where it has been held that a defendant initially charged with first-degree burglary and convicted of entering to commit a felony cannot be sentenced to a term in excess of that provided for second-degree burglary. *See Hobbs v. State*, (1969) 253 Ind. 195, 252 N.E.2d 498; *Easton v. State*, (1972) 258 Ind. 204, 280 N.E.2d 307; *Lee v. State*, (1972) 259 Ind. 301, 286 N.E.2d 840; *Harrison v. State*, (1973) 155 Ind.App. 231, 292 N.E.2d 612. Each of these decisions involved jury trials rather than guilty pleas and thus are inapposite herein.

More apropos is the case of *Heathe v. State*, (1971) 257 Ind. 345, 274 N.E.2d 697. Heathe was charged with entering to commit a felony and the possession of burglary tools. He pled guilty to entering to commit a felony and the other charge was dismissed. The court sentenced Heathe to the statutory period of incarceration, one to ten years. Upon appeal, the sentence was modified by reducing the maximum to five years because the statutory period of incarceration for second-degree burglary is two to five years. Justice DeBruler reasoned that even if second-degree burglary were not charged, Heathe was entitled to the lesser sentence.

"[To permit a different result] would allow the State to systematically increase the maximum penalty for second degree burglary by charging the lesser included offense of entering with intent to commit a felony in every case. We cannot con-

---

**3.** "After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by

statute or rule." *State ex rel. Kelley v. Marion Cty. Cr. Ct.*, Div. 3, (1978) Ind., 378 N.E.2d 833, 834.

done such a result. Entering to commit a felony *in this case* is a lesser included offense of second degree burglary whether or not second degree burglary was charged in the case. The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be less then the maximum for a higher offense." (Emphasis added.) *Heathe v. State*, (1971) 257 Ind. 345, 348–349, 274 N.E.2d 697, 698–699.

At first blush, *Heathe* would seem to apply herein. However, there are important distinctions: (1) Thompson was charged with only first-degree burglary (which carries a maximum penalty of twenty years' imprisonment); (2) Thompson specifically pled guilty to entering to commit a felony as a lesser offense than first-degree burglary; and (3) Thompson was specifically informed at the guilty plea hearing, *before the guilty plea was accepted*, that the sentence would be one to ten years.[4] To countenance Thompson's argument that he should have been sentenced to not more than five years would ignore the fact that the state forewent the opportunity to obtain a first-degree burglary conviction. The prosecutor remarked at sentencing, "The bargain that has been reached is one that is very advantageous, I think, to the defendant; . . . a good case would convict him on a ten to twenty." Since the defendant was pleading to a lesser offense than first-degree burglary and since the maximum sentence for the lesser offense was less than the maximum for the greater offense, Thompson's sentence was not unconstitutional.

Transfer is granted and the opinion of the First District of the Indiana Court of Appeals is vacated. There was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with opinion in which PRENTICE, J., concurs.

PRENTICE, J., concurs in part and dissents in part (concurs in grant of transfer and affirmance of conviction, but would remand for resentencing).

DeBRULER, Justice, dissenting.

In *Heathe v. State*, (1971) 257 Ind. 345, 274 N.E.2d 697, this Court held that the ruling in *Hobbs v. State*, (1969) 253 Ind. 195, 252 N.E.2d 498, and *Dembowski v. State*, (1968) 251 Ind. 250, 240 N.E.2d 815, that a sentence for a lesser offense that exceeds the sentence provided for the greater offense constitutes cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution and disproportionate punishment in violation of Article 1, Section 16 of the Indiana Constitution, is not limited to the situation where the greater offense is charged or where there has been an actual trial. That constitutional ruling applies where the greater offense is not charged and where the conviction for the lesser is the product of a plea bargain. In 1972, the First District Court of Appeals in *Goodwin v. State*, (1972) 153 Ind.App. 203, 286 N.E.2d 703, considered our holding in *Heathe* and applied it to a situation like the one before us, and correctly concluded that the sentence imposed of one to ten years had to be reduced to one to five years.

The "important distinctions" between the *Heathe* case and the one before us which have been uncovered and recited in the majority opinion, including the fact that the prosecution gave up the opportunity to seek a conviction for the greater offense when it agreed to the plea bargain—and the fact that the prosecutor made the statement at sentencing that the state had a good case against appellant on the first-degree burglary charge, are wholly without constitutional significance. They do not alter the fact that appellant was convicted of the offense of entering to commit a felony, and

4. We note that Thompson was arrested on the first-degree burglary charge while he was on parole from a conviction for second-degree burglary.

it is the conviction of that offense which invokes the penalty provisions of the statute defining the offense, and it is the constitution which stays the court's hand from imposing a sentence consistent with those legislatively set penalty provisions. Accordingly, I would remand to correct this sentence to provide a sentence of not more than five years.

PRENTICE, J., concurs.