Clarence J. SUTTON,
Petitioner–Appellee,

v.

STATE OF MARYLAND; Maryland
House of Correction,
Respondents–Appellants.

No. 88–6619.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1988.

Decided Jan. 17, 1989.

Order Granting Rehearing In Banc
March 20, 1989.*

* Opinion vacated.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, Office of Atty. Gen., Criminal Appeals Div., on brief), for respondents-appellants.

Laurin Mills, Student Counsel (Steven H. Goldblatt, Dori K. Bernstein, Maureen F. Del Duca, Supervising Attys., Catherine Pinkerton, Student Counsel, Appellate Litigation Program, Georgetown University Law Center on brief), for petitioner-appellee.

Before WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

The district court ruled that Clarence J. Sutton, a habeas petitioner who was convicted under Maryland law of common law assault, was entitled to a writ of habeas corpus to the extent that the fifteen-year sentence imposed on him exceeded the

maximum penalty of ten years for the least aggravated form of statutory assault of which he might be found guilty, although no Maryland statutory offense was charged. The State of Maryland appeals. We affirm.

## I.

■ Clarence Sutton was convicted of common law assault under an indictment which charged him only with that offense. The evidence at trial established that Sutton had forced his victim into a car, stabbed him twice in the neck and three times in the chest, and then dragged him out of the car, leaving him abandoned in a street gutter. Under Maryland law there is no prescribed maximum punishment for common law assault. *See Simms v. State,* 288 Md. 712, 714, 421 A.2d 957, 958 (1980). The only restriction on the sentence which may be imposed is the Eighth Amendment as made applicable to the states by the Fourteenth Amendment, and its counterpart in the Maryland Declaration of Rights, *Id.* Based upon the facts of the case and Sutton's prior criminal record, including convictions for robbery, theft and three charges of assault, he was sentenced to fifteen-years imprisonment.

Maryland has refined the common law of assault by creating the statutory crimes of assault with intent to rob, assault with intent to murder, and assault with intent to rape or to commit certain sexual offenses. The maximum punishment for these crimes is ten years, thirty years, and fifteen years, respectively. 3A Ann.Code of Md., Art. 27, § 12. In addition there is the statutory crime of assault with intent to maim, disfigure or disable or to prevent lawful apprehension which carries a maximum penalty of ten years. 3A Ann.Code of Md., Art. 27, § 386. It is the law of Maryland that the common law crime of assault is a lesser included offense in the various statutory crimes of aggravated assault. *See Johnson v. State,* 310 Md. 681, 531 A.2d 675 (1987); *Simms v. State, supra; Walker v. State,* 53 Md.App. 171, 452 A.2d 1234 (1982), *cert. denied,* 296 Md. 63 (1983).

After Sutton's conviction, he attacked its validity by direct appeal and by post-conviction proceedings. He also attacked the validity of his sentence by post-conviction proceedings. We need not recite the history of these efforts because Maryland does not dispute that Sutton has exhausted all available remedies without success and our review of those proceedings persuades us that exhaustion has occurred. We therefore are brought to decide whether the sentence imposed on Sutton offends the Eighth Amendment's proscription of cruel and unusual punishment.

In a considered and carefully written opinion, the district court concluded that the Eighth Amendment had been violated to the extent that Sutton's sentence exceeded ten years. *Sutton v. State,* 681 F.Supp. 291 (D.Md.1988). Its reasoning, succinctly stated, was that the concept of proportionality embodied in the Eighth Amendment is violated when the State seeks to punish a conviction for the lesser offense of common law assault more severely than a conviction of the least aggravated statutory assault for which he could have been prosecuted and convicted.

The district court relied heavily on our decision in *Roberts v. Collins,* 544 F.2d 168 (4 Cir.1976), *cert. denied,* 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977), and subsequently decided Supreme Court cases, principally *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). It also found persuasive *Heathe v. State,* 257 Ind. 345, 274 N.E.2d 697 (1971), in which the Supreme Court of Indiana held that the sentence for a lesser included offense may not, under the Eighth Amendment and Indiana's constitution, exceed that provided for a greater offense, even if the greater offense is not charged. *Accord, Application of Cannon,* 203 Or. 629, 281 P.2d 233 (1955). It found no permissible basis for distinguishing, as Maryland courts do, between cases in which the defendant is charged with both a statutory assault and common law ("simple") assault and cases in which only the common law offense is charged. *See e.g., Simms v. State, supra; Walker v. State, supra.*

## II.

Before us, Maryland contends that the issue we must decide is whether "a fifteen-year sentence for common law assault [is] cruel and unusual punishment in violation of the Eighth Amendment ... where the defendant ordered the victim into his car at knifepoint, stabbed him five times about the head and chest, then dragged him out of the car and abandoned him?" If the circumstances of the crime were the sole test of proportionality, the case would not warrant argument because we would readily agree that the sentence was not disproportionate to the gravity of the offense. In that circumstance the sentence would not appear unduly harsh; it would not be cruel and unusual.

However, *Solem v. Helm, supra,* teaches that the principle of proportionality embodied in the Eighth Amendment is not tested solely by the gravity of the offense. Rather, it holds that

a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

462 U.S. at 292, 103 S.Ct. at 3010. Significantly, with respect to the comparison of sentences imposed on other criminals in the same jurisdiction, the Court said, "[i]f more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at is-

sue may be excessive." *Id.* at 291, 103 S.Ct. at 3010. This statement should also be read in conjunction with the Court's discussion of the application of the factors to specific cases. First, the Court discussed the ability of courts to judge the gravity of an offense, and it recognized that there are widely shared views as to the relative seriousness of crimes. It then added:

There are other accepted principles that courts may apply in measuring the harm caused or threatened to the victim or society. The absolute magnitude of the crime may be relevant.... Few would dispute that a lesser included offense should not be punished more severely than the greater offense. Thus, a court is justified in viewing assault with intent to murder as more serious than simple assault. [citing, *inter alia*, *Roberts v. Collins, supra*]

463 U.S. at 293, 103 S.Ct. at 3011.[1]

In *Roberts v. Collins, supra,* the accused, indicted under Maryland law for assault with intent to murder and for simple common law assault, pleaded guilty to the common law assault charge. We held that the Eighth Amendment did not permit the defendant to be sentenced to a term greater than that authorized for conviction of assault with intent to murder.[2] Our specific holding was "the Constitution does not sanction the imposition of a greater punishment for a lesser included offense than lawfully may be imposed for the greater offense." 544 F.2d at 170.

We think that holding is applicable here. The only difference between *Roberts*

---

**1.** The dissent challenges the necessity of any proportionality analysis in this case based on the court's opinion in *United States v. Rhodes,* 779 F.2d 1019, 1027–28 (4 Cir.1985), and the avowed limits of *Solem v. Helm,* 463 U.S. at 290 n. 16, 103 S.Ct. at 3009 n. 16. *See* dissent, *post* at 616–617. In this case there is no necessity for the extensive and inherently factual proportionality analysis contemplated in *Rhodes,* nor are we endeavoring to substitute our "judgment for that of the sentencing court as to the appropriateness of a particular sentence." We are engaged here in a much narrower inquiry, i.e., whether the Eighth Amendment precludes imposition of a longer sentence upon conviction of a lesser included common law assault than is

legislatively permitted upon conviction of the related statutory offense which the prosecutor elected not to attempt to prove.

**2.** In that case, unlike the instant one, no contention was made that the maximum sentence for common law assault was limited to the maximum sentence for the *least* heinous forms of aggravated assault (assault with intent to rob or assault with intent to maim). Rather we were asked to limit the sentence, twenty years per count with an aggregate of fifty-four years, to the maximum sentence for assault with intent to murder which was then fifteen years. We did not go beyond the contention of counsel.

and the instant case is that in *Roberts* the defendant was charged with aggravated assault and common law assault. But we think this difference does not amount to a distinction. Common law assault is a lesser included offense of the various forms of statutory assault in those cases where the circumstances of the crime would support a conviction for the statutory offense, regardless of whether the statutory offense is charged.

The Maryland Court of Appeals has reached the same result as *Roberts* in a case in which the accused was charged with both a greater offense and a lesser included offense and convicted only of the lesser included offense. However, it emphasized that it did so as a matter of Maryland common law and not under the compulsion of the Eighth Amendment or the Maryland Declaration of Rights. *Simms v. State*, 421 A.2d at 964. The stated basis of the decision was that "where the State charges both assault with intent to rob and simple assault ... the State has in effect elected to prosecute for the ten year maximum specified for the greater offense of assault with intent to rob." *Simms* at 965.

More importantly, the *Simms* Court in dictum rejected the proposition that the punishment for a lesser included offense may not exceed the maximum described for the greater offense, even where the greater is not charged. Explaining this position, the Maryland Court of Appeals first noted that "when the Legislature creates a greater offense by adding an element to a basic crime" the added element occasionally may be "viewed as a mitigating rather than an aggravating factor, and for this reason a lesser penalty is provided for the particular greater offense." *Simms* at 965. It also commented that "[s]ome 'simple assaults' may involve more brutal or heinous conduct than may be present in other cases falling within one of the statutory aggravated assaults", and when this occurs and the accused is prosecuted only for common law assault, a sentence exceeding the statutory maximum for statutory assault would not be proscribed by the Eighth Amendment. *Id.* The Court concluded, "we do not believe that a sentence for simple assault, which exceeds the ten year maximum sentence for assault with intent to rob, necessarily violates the prohibition against cruel and unusual punishment." *Id.*

With due respect to our Maryland brethren, we do not find either point persuasive.

First, we doubt whether a greater statutory offense may be less heinous than a lesser included common law offense. The examples given in *Simms* were shoplifting (the crime of larceny in a mercantile setting) and welfare fraud (the crime of false pretenses with respect to welfare payments), each of which carry maximum sentences less than the common law offenses which they include. The Maryland court deemed these statutory crimes to be examples of "less heinous greater offenses" because the additional element which must be proved to convict is a mitigating rather than an aggravating factor.

Under the general rules set forth in *Solem*, the more aggravated offense involves a greater degree of culpability than the lesser offense it includes. Thus, it is arguable whether larceny and false pretenses, respectively, are lesser included offenses precisely because the additional elements needed to convict for the statutory crimes are mitigating circumstances rendering a defendant less culpable. Similarly, it is also arguable whether the "required evidence" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), articulating the test to determine what is a "greater" and what is a "lesser" offense, applies when the additional element to be proved is a mitigating factor. In the Eighth Amendment context of proportionality inquiry, unlike the Fifth Amendment context of double jeopardy, there is no apparent logical necessity to count an additional mitigating element (as opposed to an aggravating one) for purposes of determining which is the greater or lesser offense. We do not, however, decide either of these issues.

■ With regard to the second objection raised in *Simms*, we recognize that there is an infinite variety of criminal conduct constituting common law assault, but not amounting to any form of statutory aggravated assault. In such a case the maxi-

mum sentences prescribed for the statutory assaults may be relevant for comparative purposes, but do not constitute a cap on the sentence which may be imposed. The instant case, however, is clearly not in this category because, as the trial judge said in imposing sentence:

> Mr. Sutton, although the offense for which you were found guilty was assault, there's no question in my mind that for all intents and purposes the assault was with an intent to murder. All the ingredients of assault with intent to murder are present here. I say this not to say I am sentencing you for that offense. I'm sentencing you for assault, but I am allowed whatever discretion I feel just and appropriate under the circumstances for an assault conviction, and I'm entitled to look at the nature of the assault.

If the facts were such that had he been prosecuted for assault with intent to murder he could have been found guilty, we think that it is equally true that if he had been prosecuted for assault with intent to maim or disable, he could have been found guilty of that crime.

■ Although we leave open the sentencing rule that would apply if a defendant is found guilty of common law assault on facts that would not support a finding of guilt of any form of statutory aggravated assault, we think that the Maryland statutory scheme determines the parameters of cruel and unusual punishment for any conviction of simple assault on facts

that would warrant a conviction for aggravated assault, irrespective of whether the latter is charged. Maryland argues that the Legislature did not intend to preempt the field of assault crimes in creating a class of statutory aggravated assaults. This may be true with respect to the vast array of conduct amounting to assault, but not amounting to any form of statutory assault. However, this does not, as Maryland suggests, lead inexorably to the conclusion that the sentencing scheme thereby created does not preempt the field of permissible sentences for Eighth Amendment purposes where the acts constituting simple assault also constitute one or more forms of statutory assault.[3]

The argument that some criminal actions may warrant the imposition of longer sentences than those authorized under the least (or even under the most) aggravated statutory assault does not alter the fact that the Maryland Legislature has made its own determination of the appropriate maximum punishment for various classes of criminal assault. Thus, we reject the argument that the presence or absence of a cap on the permissible sentence for common law assault depends upon whether the prosecutor has also charged a statutory aggravated assault. We think that such distinction is irrational because it renders the existence of the statutory offenses meaningless, raises potential equal protection problems, and perhaps raises problems of denial of due process of law.[4] Rather,

---

**3.** We find the dissent confusing on this point. The dissent first argues that this is one of the "special cases," not covered by the Maryland statutory scheme but warranting a stiff sentence, and then quotes the precise language of the sentencing judge (also referenced in our opinion) which observes the contrary. *See* dissent, *post* at 615, 616. Our ruling today is confined to the situation where the facts support a conviction of a statutory aggravated assault. Under these circumstances, we can only conclude that a failure to bring the statutory aggravated assault charge combined with a longer sentence than may be imposed for a conviction of the aggravated crime results in a circumvention of the legislative sentencing scheme, and is therefore cruel and unusual.

**4.** In *In re Winship*, 397 U.S. 358, 375, 90 S.Ct. 1068, 1078, 25 L.Ed.2d 368 (1970), the Court

held that a state must prove all the elements of an offense beyond a reasonable doubt. Sutton argues that to permit the prosecutor to elect to try him only for common law assault and to permit him to be punished as severely as he could have been punished had he been charged with aggravated assault, without the necessity of proof of the additional factor required for conviction of the aggravated offense, would violate the holding in *Winship*.

We note that subsequent decisions by the Court in this area leave open the possibility that Sutton's argument in this regard has merit. *See Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). *Cf. United States v. Brewer*, 841 F.2d 667, 668 (6 Cir.1988) ("Therefore, it appears that all nine members of the Court would require notice in the indictment and proof beyond a

the cap is one prescribed by the Legislature, and it applies even though the statutory crime is not charged.[5]

■■■ We therefore hold that where common law assault alone is charged and a conviction obtained by trial or plea of guilty, the maximum sentence which may be imposed, consistent with the Eighth Amendment, is the maximum sentence for conviction of the least aggravated statutory crime for which the evidence would support a conviction.[6] On the facts of this case, Sutton could have been found guilty of assault with intent to maim or disable for which the maximum sentence is ten years. Of course, as the trial judge said, he could also have been found guilty of assault with intent to murder. But that crime was not charged, even if it was proved, so we look to the least aggravated crime of assault to identify the maximum permissible sentence.

AFFIRMED.

CHAPMAN, Circuit Judge, dissenting:

I dissent. I do not think that *Roberts v. Collins*, 544 F.2d 168 (4th Cir.1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977) is applicable to the present facts because Sutton was only charged with and convicted of common law assault. Roberts was charged with common law assault and assault with intent to murder and entered a plea to common law assault. We held in *Roberts* that under the facts the sentence for common law assault could not exceed fifteen years, which was the maximum sentence for assault with intent to murder.

I do not think the sentence imposed on Sutton violates the cruel and unusual punishment language of the Eighth Amendment, nor does it in any way fail a proportionality analysis. Clarence Sutton was married to Lucille Sutton, who, prior to her marriage to Clarence, had lived with Cecil Jordan. After her marriage, Lucille Sutton continued to see Cecil Jordan from time to time. She explained that her relationship with Jordan was now platonic, but her husband felt otherwise, and he stabbed Jordan five times about the head and chest and left him bleeding by the side of the road. The Maryland prosecutor exercised the judgment and discretion allowed his office by law, and he indicted Sutton only for common law assault. The prosecutor was aware of the evidence he had to prove the charge and he knew the Maryland law of common law assault.

As the majority opinion points out, the Maryland legislature has created different classifications of assault for special treatment. Assault with intent to murder has a maximum penalty of thirty years; assault with intent to rob, and assault with intent to maim, disfigure or disable have a ten year maximum;, and assault with intent to rape has a fifteen year maximum. The legislature chose not to set a specific maximum for common law assault, and therefore, the sentence is in the discretion of the trial judge and subject only to the provisions of the Eighth Amendment forbidding cruel and unusual punishment, and the Supreme Court's requirement of proportionality as enunciated in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

reasonable doubt of a fact that increases the punishment beyond the maximum set by the legislature for the other elements of the offense.") We do not decide this issue because it is not properly before us having never been raised in the prior proceedings. We mention it here only to highlight further the potential infirmities in Maryland's position.

5. The dissent argues that our reasoning is faulty because common law assault is not a lesser included offense of the various statutory assaults unless a statutory assault is actually charged. *See* dissent, *post* at 615–616. We cannot agree. The nature of the criminal offense must be determined by the facts of the case and the elements of the crime to be proved, not by

the simple election of the prosecutor to bring a single or multiple count indictment. In the name of judicial sentencing discretion, the dissent would remove any necessity for the prosecutor ever to chose between the possibility of a longer sentence and the need to prove an additional element of the crime.

6. To link the common law sentencing cap to the maximum penalty for any offense other than the least aggravated statutory assault for which the evidence supports a conviction also would countenance a circumvention of the proportionality scheme established by the Maryland Legislature.

The Court of Special Appeals of Maryland in *Walker v. State*, 53 Md.App. 171, 452 A.2d 1234 (1982), has clearly explained the state's plan for handling common law assault cases and the reason no statutory maximum punishment has been set by statute.

The appellant's thesis also ignores the reality that the statutory assaults have not preempted the field of all serious and aggravated assaults. Our Legislature has cut out of the herd for special treatment four assaults where the aggravating factor is a special *mens rea* or specific intent. This by no means exhausts the category of more grievous and blameworthy assaults. The aggravating factor in a particular case might well be the modality of an assault, and not its *mens rea*—assault with a deadly weapon, assault by poison (this modality alone makes first-degree murder out of ordinary murder), assault by bomb. Many states have made assault with a deadly weapon a special crime. Maryland has not done so, but has trusted the wide discretion of the common law sentencing provisions to deal appropriately with such severely aggravated assaults. The aggravating factor might well be the harmful consequences of a particular assault and not its *mens rea*. Even where drugs or alcohol have diminished the capacity of a mind to form a specific intent or where there simply has been no specific intent, a brutal beating that leaves its victim blinded, crippled, disfigured, in a wheel chair for life, in a psychiatric ward for life, is severely aggravated. Once again, Maryland has not dealt with this form of aggravation legislatively but has left it to the discretion of common law sentencing. We sometimes overlook this reality because of the linguistic power of inadvertent phrasing. Whenever we say "simple assault" when what we mean is "common law assault," we subconsciously convey a sense of triviality where that is far from the necessary case. A common law assault is theoretically capable of being as aggravated as or more aggravated than any of our statutory assaults.

*Id.* 452 A.2d at 1247–48.

The present case is one of those special cases Maryland had in mind when it provided no statutory maximum for common law assault and left it to the discretion of the trial judge to fashion a proper and adequate punishment. The assault by Sutton upon Jordan was aggravated and was by use of a deadly weapon. The majority states: "If the circumstances of the crime were the sole test of proportionality, the case would not warrant argument because we would readily agree that the sentence was not disproportionate to the gravity of the offense". However, under the majority's reasoning and under its holding, no sentence for common law assault in Maryland may exceed ten years no matter how grievous and aggravated the assault may be.

The reliance of the district judge and the majority on *Roberts v. Collins* is misplaced. Roberts was charged with two counts of assault with intent to murder and two counts of common law assault. At the time of Roberts' sentence, Maryland law provided a fifteen year maximum penalty for assault with intent to murder. Roberts entered pleas of guilty to the two common law assault counts, and he received twenty year sentences on each count, with the sentences to run consecutively. We held: "When, to relieve the state of the burden of proving all elements of the greater offense of assault with intent to murder, a defendant tenders a plea to the lesser included offense of simple assault, he ought not to be held to have exposed himself constitutionally to greater punishment". *Roberts*, 544 F.2d at 170.

In the present case Sutton did not relieve the state of proving any element of the crime. He was proved guilty beyond a reasonable doubt of the only crime with which he was charged. The rationale of *Roberts* is not applicable. The courts in Maryland have held that where one is charged with assault with intent to murder and common law assault, and the assault with intent to murder is disposed of by *nolle prosequi*, the sentence for common law assault may not exceed ten years, which is the maximum for assault with intent to maim and is the shortest maxi-

mum sentence provided for any of the four Maryland statutory *mens rea* assaults. *See Johnson v. State,* 310 Md. 681, 531 A.2d 675 (1987). *Johnson* has the same result we reached in *Roberts* and for the same reason, but that reason is not applicable to the present case because Sutton was charged only with common law assault.

The majority places great weight on its finding that common law assault is a lesser included offense of assault with intent to murder, to maim, to rob, or to rape. This is true only when two offenses are charged on the same set of facts. When only common law assault is charged, it stands alone and is not a lesser included offense because there is no other offense within which it may be included or with which it may merge. *Walker* makes clear that, in Maryland, common law assault may be more serious and aggravated than the various forms of statutory assault. This was recognized by the trial judge at the time of sentencing when he stated:

> Mr. Sutton, although the offense for which you were found guilty was assault, there's no question in my mind that for all intents and purposes the assault was with an intent to murder. All the ingredients of assault with intent to murder are present here. I say this not to say I am sentencing you for that offense. I am sentencing you for assault, but I am allowed whatever discretion I feel just and appropriate under the circumstances for an assault conviction, and I am entitled to look at the nature of the assault.
>
> You stabbed this man. You took him out to Lincoln Park, stabbed him out there, punctured him, and then drove him back into the city. You threw him out of the car. You threw him in the gutter of a street and left him there for dead, and it was hours later that he was spotted by the police and taken to the hospital and miraculously lived.

The judge then recited the long criminal record of Sutton and took this into consideration in setting the fifteen year sentence.

I submit that the majority's proportionality analysis is not persuasive because it is based on a conclusion that common law assault is always a lesser included offense of the legislative created forms of assault. The majority uses *Johnson v. State* and *Walker v. State* to support this lesser included offense finding, but both of these cases involved defendants who were charged with both common law assault and another form of statutory assault. Johnson was charged with assault with intent to murder, and Walker was charged with assault with intent to rape, both in addition to a charge of common law assault. Under such indictments, common law assault is a lesser included offense because assault with intent to murder and assault with intent to rape require the proof of the additional essential element of intent.

*Walker* makes clear 452 A.2d at 1247–48, quoted above, that in Maryland the statutory forms of assault do not "exhaust the category of more grievous and blameworthy assaults." Rather than trying to list in a statute every circumstance that might make an assault more grievous, Maryland wisely left common law assault in place and trusted its trial judges to fashion an appropriate punishment within constitutional limits.

I question the necessity for a proportionality analysis in this case. In *United States v. Rhodes,* 779 F.2d 1019, 1027–28 (4th Cir.1985), we concluded:

> Therefore, to the extent that *Solem* does not overrule the reasoning of *Rummel* [*v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)] and [*Hutto v.*] *Davis* [454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556] but, rather, explicitly accepts the position asserted in those cases, that in noncapital cases successful proportionality challenges will be extremely rare, 463 U.S. at 289–290, 103 S.Ct. at 3009, it seems to us that *Solem* requires an extensive proportionality analysis only in those cases involving life sentences without parole.

This is in keeping with footnote 16 of *Solem:*

> Contrary to the dissent's suggestions, *post* at 305, 315 [103 S.Ct. at 3017, 3022], we do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is

not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disappropriate.

*Solem,* 463 U.S. at 290, 103 S.Ct. at 3009.

Even if we do engage in a proportionality analysis using the objective criteria established in *Solem,*

(i) The gravity of the offense and the harshness of the penalty;

(ii) The sentences imposed on other criminals in the same jurisdiction; and

(iii) The sentences imposed for commission of the same crime in other jurisdictions,

I do not find the fifteen year sentence for common law assault to be disproportionate. The majority concedes that the gravity of the offense would justify a fifteen year sentence. As to sentences imposed on other criminals in the same jurisdiction, the *Walker* court found that a sentence of twenty years for common law assault was not illegal under Maryland law nor unconstitutional, but under the indictment and proof in *Walker,* it found that the common law assault had merged with the attempted rape. No evidence has been submitted on the third element to show sentences imposed for the same crime in other jurisdictions, and Sutton had the burden of producing such evidence.

I would hold that when only common law assault is charged in a Maryland indictment, and the defendant is convicted of said charge by jury verdict or by guilty plea, he may be sentenced without reference to or limitation by the maximum sentences provided for the statutory *mens rea* assaults; the sentence to be subject only to the Eighth Amendment prohibition barring cruel and unusual punishment. Sutton's

sentence does not violate the U.S. Constitution and I would reverse.

### ORDER

The appellant's petition for rehearing and suggestion for rehearing in banc were submitted to the Court. A majority of judges having voted in a requested poll of the Court to grant rehearing in banc,

IT IS ORDERED that the rehearing in banc is granted.

IS IS FURTHER ORDERED that this case shall be calendared for argument at the June 5–9, 1989 session of Court. Within ten days of the date of this order five (5) additional copies of appellant's briefs (brief and reply brief) and nine (9) additional copies of appellees briefs shall be filed and appellant will file ten (10) additional copies of the joint appendix.