**Clarence J. SUTTON,**
**Petitioner–Appellee,**

v.

**STATE OF MARYLAND; Maryland House of Correction,**
**Respondents–Appellants.**

No. 88–6619.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1989.
Decided Oct. 2, 1989.

Jillyn Kaberle Schulze (J. Joseph Curran, Jr., Atty. Gen., and Mary Ellen Barbera, Asst. Atty. Gen., Baltimore, Md., on brief) for respondents-appellants.

Steven H. Goldblatt, Director, Bethesda, Md. (Dori K. Bernstein, Maureen F. Del Duca, Supervising Attys., Laurin Mills, Catherine Pinkerton, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, on brief), for petitioner-appellee.

· Before ERVIN, Chief Judge, and WINTER, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, CHAPMAN, WILKINSON and WILKINS, Circuit Judges, sitting en banc.

CHAPMAN, Circuit Judge:

The district court granted a writ of habeas corpus to Clarence J. Sutton, who has been convicted under the Maryland law of common assault, to the extent that his fifteen-year sentence exceeded ten years. Although no Maryland statutory assault was charged, the district court used the least aggravated form of statutory assault, that of assault with intent to maim, disfigure or disable, which has a maximum penalty of ten years, as the standard for deciding that Sutton's sentence was a violation of the Eighth Amendment. The State of Maryland appeals and we reverse.

I.

Clarence J. Sutton was convicted of common law assault under an indictment which charged only that offense. The evidence at trial established that Sutton had forced Cecil Jordan, who had lived with Sutton's wife prior to their marriage, into a car, stabbed him twice in the neck and three times in the chest, dragged him out of the car and left him bleeding in a street gutter. The Maryland prosecutor, aware of the evidence and the Maryland law of common law assault, exercised the judgment and discretion allowed his office by law and indicted Sutton only for common law assault. The trial judge was aware of the facts of the present assault and of Sutton's prior criminal record, which included convictions for robbery, theft and three charges of assault, and sentenced him to fifteen-years imprisonment.

Sutton attacked his conviction and sentence by direct appeal to the Maryland Court of Special Appeals as well as by post-conviction proceedings. Maryland does not dispute that Sutton has exhausted all available remedies. The issue before us is whether the sentence imposed on Sutton violates the Eighth Amendment's proscription of cruel and unusual punishment.

In addition to common law assault, Maryland has created several statutory crimes of assault, including assault

with intent to rob, assault with intent to murder and assault with intent to rape or to commit certain sexual offenses. Md. Ann.Code, art. 27, § 12 (1987). The maximum punishment for these crimes is ten years, thirty years and fifteen years, respectively. *Id.* Additionally, there is the statutory crime of assault with intent to maim, disfigure or disable or to prevent lawful apprehension which carries a maximum penalty of ten years. Md.Ann.Code, art. 27, § 386 (1987). Under Maryland law, there is no prescribed maximum punishment for common law assault. *See Simms v. State,* 288 Md. 712, 714, 421 A.2d 957, 958 (1980). Under Maryland precedent, a charge of common law assault is a lesser included offense to any one of the various statutory crimes of assault. *See Johnson v. State,* 310 Md. 681, 531 A.2d 675 (1987); *Simms v. State, supra, Walker v. State,* 53 Md.App. 171, 452 A.2d 1234 (1982), *cert. denied,* 296 Md. 63 (1983).

The district court concluded that the Eighth Amendment had been violated to the extent that Sutton's sentence exceeded ten years, *Sutton v. State,* 681 F.Supp. 291 (D.Md.1988), reasoning that the concept of proportionality embodied in the Eighth Amendment is violated when the State seeks to punish a conviction for the lesser offense of common law assault more severely than a conviction of the least aggravated form of statutory assault for which the defendant could have been prosecuted and convicted. The district court relied on our decision in *Roberts v. Collins,* 544 F.2d 168 (4th Cir.1976), *cert. denied,* 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977) and subsequently decided Supreme Court cases, principally *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, it found no basis to distinguish between cases in which a defendant is charged with both a statutory assault and common law assault, and cases in which a defendant is charged only with common law assault.

## II.

■ The Maryland legislature has created different classifications of assault for special treatment. Assault with intent to murder has a maximum penalty of thirty years; assault with intent to rob, and assault with intent to maim, disfigure or disable have a ten year maximum; and assault with intent to rape has a fifteen year maximum. The legislature chose not to set a specific maximum for common law assault, and therefore, the sentence is committed to the discretion of the trial judge and is subject only to the provisions of the Eighth Amendment forbidding cruel and unusual punishment, and the Supreme Court's requirement of proportionality as enunciated in *Solem v. Helm, supra.*

However, the district court concluded that common law assault is a lesser included offense to all the statutory forms of assault. It then ruled that the punishment for the least aggravated form of statutory assault for which the defendant *could* have been charged *must* be the upward limit of his sentence on a charge of common law assault, regardless of whether he was charged with that form of aggravated assault. Such logic is not consistent with the Maryland law on common law assault, and is not required by the Eighth Amendment.

The Court of Special Appeals of Maryland in *Walker v. State,* 53 Md.App. 171, 452 A.2d 1234 (1982), has clearly explained the state's plan for handling common law assault cases and the reason no statutory maximum punishment has been set.

The appellant's thesis also ignores the reality that the statutory assaults have not preempted the field of all serious and aggravated assaults. Our Legislature has cut out of the herd for special treatment four assaults where the aggravating factor is a special *mens rea* or specific intent. This by no means exhausts the category of more grievous and blameworthy assaults. The aggravating factor in a particular case might well be the modality of an assault, and not its *mens rea*—assault with a deadly weapon, assault by poison (this modality alone makes first-degree murder out of ordinary murder), assault by bomb. Many states have made assault with a deadly weapon a special crime. Maryland has

not done so, but has trusted the wide discretion of the common law sentencing provisions to deal appropriately with such severely aggravated assaults. The aggravating factor might well be the harmful consequences of a particular assault and not its *mens rea*. Even where drugs or alcohol have diminished the capacity of a mind to form a specific intent or where there simply has been no specific intent, a brutal beating that leaves its victim blinded, crippled, disfigured, in a wheel chair for life, in a psychiatric ward for life, is severely aggravated. Once again, Maryland has not dealt with this form of aggravation legislatively but has left it to the discretion of common law sentencing. We sometimes overlook this reality because of the linguistic power of inadvertent phrasing. Whenever we say "simple assault" when what we mean is "common law assault," we subconsciously convey a sense of triviality where that is far from the necessary case. A common law assault is theoretically capable of being as aggravated as or more aggravated than any of our statutory assaults.

*Id.* at 196–97, 452 A.2d at 1247–48. Rather than trying to list by statute every circumstance that might make an assault more "grievous and blameworthy," Maryland wisely left common law assault in place and trusted its trial judges to fashion an appropriate punishment within constitutional limits.

The present case is one of those special cases Maryland had in mind when it provided no statutory maximum for common law assault and left it to the discretion of the trial judge to fashion a proper and adequate punishment. The assault by Sutton was aggravated and was by use of a deadly weapon. He was proved guilty beyond a reasonable doubt of the only crime with which he was charged. He was not charged with any of the statutory *mens rea* assaults.

The reliance of the district court on *Roberts v. Collins, supra,* is misplaced. Roberts was charged with two counts of assault with intent to murder and two counts of common law assault. At the time of Roberts' sentence, Maryland law provided a fifteen year maximum penalty for assault with intent to murder. Roberts entered pleas of guilty to the two common law assault counts, and he received twenty year sentences on each count, with the sentences to run consecutively. We held that "[w]hen to relieve the state of the burden of proving all elements of the greater offense of assault with intent to murder, a defendant tenders a plea to the lesser included offense of simple assault, he ought not to be held to have exposed himself constitutionally to greater punishment." *Roberts,* 544 F.2d at 170. Sutton did not enter a plea, and he did not relieve the State of proving any element of the crime.

The courts in Maryland have held that where one is charged with assault with intent to murder and common law assault, and the assault with intent to murder is disposed of by *nolle prosequi,* the sentence for common law assault may not exceed ten years, which is the maximum for assault with intent to maim and is the shortest maximum sentence provided for any of the four Maryland statutory *mens rea* assaults. *See Johnson v. State,* 310 Md. 681, 531 A.2d 675 (1987); *Walker, supra.* However, in both *Johnson* and *Walker,* the defendant was charged with both common law assault and one of the various statutory forms of assault. *Johnson* and *Walker* have the same result we reached in *Roberts* and for the same reason, but that reason is not applicable to the present case because Sutton was charged only with common law assault.

Common law assault is only a lesser included offense when two assault offenses are charged on the same set of facts. Under such indictments, common law assault is a lesser included offense because assault with intent to murder, to maim, to rob or to rape require proof of the additional essential element of intent. However, the fact that a charge of common law assault is a lesser included offense of charges of assault with intent to murder, to maim, to rob or to rape is immaterial to this case. When only common law assault is charged, it

stands alone and is not a lesser included offense because there is no other offense within which it may be included or into which it may merge. Therefore, the rationale of *Roberts* and *Johnson* is not applicable. *Walker, supra,* makes clear that, in Maryland, common law assault may be more serious and aggravated than the various forms of statutory assault. The trial judge recognized this at the time of sentencing, stating that:

Mr. Sutton, although the offense for which you were found guilty was assault, there's no question in my mind that for all intents and purposes the assault was with an intent to murder. All the ingredients of assault with intent to murder are present here. I say this not to say I am sentencing you for that offense. I am sentencing you for assault, but I am allowed whatever discretion I feel just and appropriate under the circumstances for an assault conviction, and I am entitled to look at the nature of the assault.

You stabbed this man. You took him out to Lincoln Park, stabbed him out there, punctured him, and then drove him back into the city. You threw him out of the car. You threw him in the gutter of a street and left him there for dead, and it was hours later that he was spotted by the police and taken to the hospital and miraculously lived.

The judge then recited the long criminal record of Sutton and took this into consideration in setting the fifteen year sentence. According to *Walker, supra,* this is the way this type case is supposed to be handled in Maryland.

### III.

Having concluded that common law assault is not a lesser included offense to one of the Maryland statutory forms of assault absent an indictment to the statutory assault, we must decide whether Sutton's sentence violates the Eighth Amendment. It is not clear whether a proportionality analysis, as enunciated in *Solem,* is required in this case. In *United States v. Rhodes,* 779 F.2d 1019, 1027–28 (4th Cir.

1985), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986), we concluded:

[T]o the extent that *Solem* does not overrule the reasoning of *Rummel* [*v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) ] and [*Hutto v.*] *Davis* [454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) ] but, rather, explicitly accepts the position asserted in those cases, that in noncapital cases successful proportionality challenges will be extremely rare, 463 U.S. at 289–290, 103 S.Ct. at 3009, it seems to us that *Solem* requires an extensive proportionality analysis only in those cases involving life sentences without parole.

This is in keeping with footnote 16 of *Solem:*

Contrary to the dissent's suggestions, *post,* at 305, 315, we do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*Solem,* 463 U.S. at 290, 103 S.Ct. at 3010.

■ Even if we engage in a proportionality analysis using the objective criteria established in *Solem,* specifically "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions," *id.* at 292, 103 S.Ct. at 3010, Sutton's fifteen year sentence for common law assault would not be disproportionate. Clearly, the gravity of the offense and the circumstances of the crime justify a fifteen year sentence. As to sentences imposed on

other criminals in the same jurisdiction, the *Walker* court found that a sentence of twenty years for common law assault was neither illegal under Maryland law nor unconstitutional, but under the indictment and proof in *Walker*, it found that the common law assault had merged with the attempted rape. *Walker*, 53 Md.App. at 195–202, 452 A.2d at 1247–50. No evidence has been submitted on the third element to show sentences imposed for the same crime in other jurisdictions, and Sutton had the burden of producing such evidence. Therefore, the fifteen year sentence passes the *Solem* proportionality analysis.

■ We hold that when only common law assault is charged in a Maryland indictment, and the defendant is convicted of said charge by jury verdict or by guilty plea, he may be sentenced without reference to or limitation by the maximum sentences provided for the statutory *mens rea* assaults, and the sentence is subject only to the Eighth Amendment prohibition barring cruel and unusual punishment. Since Sutton's sentence does not violate the United States Constitution, we find that the district court erred in granting a writ of habeas corpus.

REVERSED.

HARRISON L. WINTER, Circuit Judge, dissenting:

For the reasons set forth in the majority panel opinion, *Sutton v. State*, 865 F.2d 608 (4 Cir.1989), I think that the judgment of the district court should be affirmed. From a contrary holding I respectfully dissent.

## I.

Two comments about the majority in banc opinion are warranted:

First, the majority is factually incorrect in characterizing "[t]he present case [as] one of those special cases Maryland had in mind when it provided no statutory maximum for common law assault and left it to the discretion of the trial judge to fashion a proper and adequate punishment." As the trial judge who tried Sutton in the Criminal

Court of Baltimore stated—and the majority quotes his language—Sutton committed assault with intent to murder although he was charged and prosecuted only for simple assault so that the prosecutor was not required to prove the special intent which is an element of the aggravated crime. Having committed assault with intent to murder, Sutton also committed assault with intent to maim. This is thus not one of those cases in which the accused is guilty of criminal conduct constituting common law assault, but not amounting to any form of statutory aggravated assault.

Second, a major premise of the majority opinion is that "[c]ommon law assault is only a lesser included offense when two assault offenses are charged on the same set of facts." As a proposition of law, this statement is directly contrary to controlling precedent. As I wrote in the majority panel opinion "[t]he nature of the criminal offense must be determined by the facts of the case and the elements of the crime to be proved, not by the simple election of the prosecutor to bring a single or multiple count indictment." 865 F.2d at 614 n. 5. Two Supreme Court decisions support the correctness of this statement: *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (crime of joyriding is a lesser included offense of auto theft so that plea of guilty to former when only joyriding is charged bars finding of guilt of latter on double jeopardy grounds); *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (conviction of failure to reduce speed to avoid a vehicular accident resulting in death of two children when separately charged will bar subsequent prosecution for manslaughter by automobile based on theory of failure to reduce speed on double jeopardy grounds because former is lesser included offense of latter). Of course these two cases arose in the context of double jeopardy, but I see no reason why the determination of what is a lesser included offense for purposes of the proportionality requirement of the Eighth Amendment should be different from what is a lesser included offense for purposes of determining if an accused has

been or will be subjected to double jeopardy.

## II.

To summarize I think that Sutton's crime, even though singly charged as simple assault, was a lesser included offense of aggravated assault so that the principle of proportionality in sentencing embodied in the Eighth Amendment is fully applicable. Under principles of proportionality, his sentence was excessive and the district court correctly shortened it.

Chief Judge ERVIN, Circuit Judge PHILLIPS, Circuit Judge MURNAGHAN and Circuit Judge SPROUSE authorize me to say they join in this dissenting opinion.