**UNITED STATES of America**

v.

**Joseph J. PAVLICO.**

**No. C–CR–87–60–02.**

United States District Court,
W.D. North Carolina.
Charlotte Division.

July 23, 1990.

Pavlico, pro se.

Max O. Cogburn, U.S. Attorney's Office, Asheville, N.C., for U.S.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's motion, filed June 26, 1990, to correct an illegal sentence pursuant to the former Rule 35(a) of the Federal Rules of Criminal Procedure.

The record in this case indicates Defendant was charged with co–Defendant Arthur Jacoby in a twenty-five (25) count bill of indictment for mail fraud in violation of 18 U.S.C. § 1341 and making false claims in violation of 18 U.S.C. § 1001. After a seven (7) day jury trial, the jury returned a guilty verdict against Defendant on April 12, 1988 as to ten (10) of the seventeen (17) counts charged against him. The jury returned a guilty verdict against Defendant Jacoby as to all of the twenty-four (24) counts charged against him. The Court imposed sentence on April 12, 1988. Defendant was sentenced to a term of imprisonment of forty (40) years, while Defendant Jacoby was sentenced to a term of imprisonment of twenty (20) years.

Defendant filed a notice of appeal to the Fourth Circuit on April 19, 1988. The Court received a mandate on August 14, 1989 from the Fourth Circuit affirming the judgment of this Court. Defendant filed a motion for a reduction of sentence under the former Rule 35(b) on September 26, 1989. On October 2, 1989, the Court denied the motion because it believed the original sentence was both fair and just.

There are currently two Rule 35s in effect. The amended Rule 35 applies to those offenses that occurred after November 1, 1987. That rule permits the district court to correct a sentence that has been remanded from an appellate court or to reflect a Defendant's subsequent, substantial assistance in the investigation of other persons. The former Rule 35(a), which is in effect for those offenses that occurred prior to November 1, 1987, permits the Court to correct an illegal sentence at any time. In this case, the offenses alleged in the bill of indictment occurred prior to November 1, 1987. Hence, the former Rule 35(a) is applicable to this matter.

In support of his current motion, Defendant contends that his sentence is illegal because it is disproportionate to the sentence imposed on Defendant Jacoby.[1] Defendant contends that such a sentence is violative of the Eighth Amendment prohibition against cruel and unusual punishment. Defendant asserts that Defendant Jacoby was the "ringleader" in the scheme that defrauded numerous individuals of millions of dollars while Defendant, as a salesman, was a minor participant. Thus, Defendant argues that his sentence should be reduced to accurately reflect his part in the scheme.

Defendant also argues that the only reason the Court imposed a more severe sentence upon him is that he exercised his constitutional right to testify at the trial of this matter, and that the Court erroneously

---

1. Defendant places a great deal of reliance on a footnote appearing in the opinion entered by the Fourth Circuit on the direct appeal of this matter. Footnote 1 of that order states:

   While the panel at oral argument asked a question or two concerning the sentencing, no issue concerning that is raised on appeal and nothing is decided with respect to it.

It appears to the Court that Defendant believes that this footnote stands for the proposition that the Fourth Circuit concluded that Defendant was *"far less culpable"* than Defendant Jacoby. The Court believes that the footnote means exactly what it says—that the Fourth Circuit did not consider or conclude that Defendant's sentence was illegal.

determined that Defendant had perjured himself. Defendant believes that the Court violated his Fifth and Fourteenth Amendment rights not to have a sentence imposed in retaliation for exercising a constitutional right.

In support of his argument that the Court imposed a disproportionate sentence, Defendant has cited the case of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In that case, the defendant was charged with uttering a "no account" check of $100.00. Ordinarily, the maximum sentence for violation of that statute was a term of imprisonment of five (5) years. However, the defendant was sentenced to a term of imprisonment of life without the possibility of parole under South Dakota's recidivist statute because of his six prior felony convictions. All of the prior convictions were for relatively minor offenses such as burglary and grand larceny. *Id.* at 279–83, 103 S.Ct. at 3004–06.

The United States Supreme Court held that the Eighth Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Id.* at 284, 103 S.Ct. at 3006. The Court noted that no penalty is *per se* constitutional, and that a single day in prison may be unconstitutional in some circumstances. *Id.* at 290, 103 S.Ct. at 3009.

The Court then went on to establish the following objective factors that must be examined by a court when sentences are reviewed under the Eighth Amendment. First, the gravity of the offense and the harshness of the penalty must be examined. Second, the sentences imposed on other criminals in the same jurisdiction should be compared to the penalty imposed in the instant case. Third, the sentences imposed for commission of the same crime in other jurisdictions should be compared to the penalty imposed in the instant case. *Id.* at 290–92, 103 S.Ct. at 3009–11.

The Court believes that Defendant's reliance on *Solem v. Helm* is misplaced. In that case, the Supreme Court indicated that "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare". *Id.* at 289–90, 103 S.Ct. at 3009–10 (citation omitted) (emphasis in original). That Court stated that substantial deference must be given to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. *Id.* Thus, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate. *Id.* at 290, note 16, 103 S.Ct. at 3009, note 16.

Because the defendant in *Solem v. Helm* was sentenced to life imprisonment, the Fourth Circuit has held that a proportionality analysis is not necessary unless a term of imprisonment of life has been imposed. *See United States v. Rhodes*, 779 F.2d 1019, 1028 (4th Cir.1985) ("... *[S]olem* requires an extensive proportionality analysis only in those cases involving life sentences without parole"), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986). *See also United States v. Thomas*, 900 F.2d 37, 39 (4th Cir.1990); *United States v. LaRouche*, 896 F.2d 815, 831 (4th Cir.1990); *United States v. Francois*, 889 F.2d 1341, 1343 (4th Cir.1989); *United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.), *cert. denied*, 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *United States v. Guglielmi*, 819 F.2d 451, 457 (4th Cir.1987), *cert. denied*, 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988).[2]

**2.** The Court believes that the cited cases establish a sound rule in the Fourth Circuit that a proportionality review of any sentence less than life imprisonment without possibility of parole is not required. *See Whitehead*, 849 F.2d at 860. However, the Court is aware of dicta in one Fourth Circuit case that is somewhat confusing. In the case of *Sutton v. Maryland*, 886 F.2d 708, 712 (4th Cir.1989), the Fourth Circuit stated,

"[I]t is not clear whether a proportionality analysis, as enunciated in *Solem*, is required in this case." From the language, it might appear that the Fourth Circuit was stating that a proportionality analysis may be required in some cases where the sentence is less than life imprisonment.

██ Defendant was sentenced to a term of imprisonment of forty (40) years. Obviously, such a sentence is less than life imprisonment.[3] Therefore, based on the case law cited above, the Court does not believe it is required to conduct a disproportionality analysis of Defendant's sentence.

██ Even if the Court was required to perform a disproportionality analysis, the Court believes that Defendant's sentence does not violate the Eighth Amendment prohibition against cruel and unusual punishment. Although Defendant believes that the Court sentenced him as a minor participant in the scheme, the record does not support that contention. At the sentencing hearing, the Court stated:

> I guess I was misled a little bit about Mr. Pavlico in the other case, thought he was just a runner for Mr. Jacoby, but I find on the evidence of this case that he was as much involved as Mr. Jacoby, *if not more.* He was going out, getting these people, talking to them, telling them it's the best deal they ever made. We're going to make you, give you this sixteen percent and it's secured and it's honest and there's nothing wrong with it and then he gets up here on top of that and I believe commits perjury on the stand, as well as his wife, and he knew exactly what was going to be testified to by his wife as to Mr. Laughrun. Unmitigaged [sic.], untruthfulness.

*See Trial Transcript,* March 25, 1988, at 1180–81 (hereinafter "Trans.").

It appears that some Fourth Circuit cases have explicitly held that *no* proportionality analysis is required if the sentence is less than life imprisonment. *See LaRouche,* 896 F.2d at 832. However, other cases have held that *no extensive* proportionality analysis is required if the sentence is less than life imprisonment. *See Thomas,* 900 F.2d at 39.

The Court is unable to determine whether there is a conflict in the case law, or whether the standards of *"no* proportionality analysis is required" and *"no extensive* proportionality analysis is required" are the same. The Court, however, does not believe it needs to make such a determination in this case because even if the Court was required to make an analysis, the Court does not believe Defendant's sentence is disproportionate.

The transcript is clear that the Court viewed Defendant's culpability as being at a minimum equal to that of Defendant Jacoby, if not more. The Court acknowledged that this scheme could not have been successful in defrauding numerous investors without Defendant's aggressive participation. The Court believes that the record is replete with extensive evidence of Defendant's active and enthusiastic participation in the scheme. Therefore, the Court believes it was appropriate to sentence Defendant as a major participant.

As to Defendant's claim that his sentence should not have been more severe than Defendant Jacoby, the Court believes that various factors weighed in favor of Defendant receiving a longer sentence than Defendant Jacoby. The Court took into consideration that Defendant Jacoby was sixty-four (64) years of age and suffered a life threatening heart condition. Trans. at 1171 and 1180.

██ Moreover, the Court was permitted by 18 U.S.C. § 3661 to consider Defendant's perjured testimony in imposing a more severe sentence. That statue provides:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

The Court was permitted to evaluate Defendant's testimony ·on the stand, deter-

**3.** The fact that Defendant may spend a significant amount of years in prison does not transform his sentence into a life term for purposes of *Solem v. Helm.* In the case of *United States v. Rhodes,* 779 F.2d 1019 (4th Cir.1985), one of the defendants received a term of imprisonment of 75 years without parole and the other defendant received a term of imprisonment of 50 years without parole. The defendants argued that because they might spend the rest of their natural lives in prison, the sentences were *de facto* life sentences.

The Fourth Circuit rejected the argument. The Court found that term of years sentences, no matter how long, are distinguishable from term of life sentences. *Id.* at 1028.

mine whether that testimony contained willful and material falsehoods, and, if so, consider that fact in deciding the appropriate sentence. *See United States v. Grayson,* 438 U.S. 41, 55, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978).

As to Defendant's claim that the Court retaliated against Defendant for exercising his constitutional right to testify, the Court believes Defendant is mistaken. Defendant relies on statements made by his counsel at the oral arguments of the direct appeal of this matter to the Fourth Circuit. According to an unofficial transcript attached to Defendant's motion, his attorney stated that the Court became "enraged" because of Defendant's and his wife's testimony. Defense counsel allegedly told the Fourth Circuit that, "Judge Potter took this testimony as a personal insult to him." *See Defendant's Rule 35 Motion,* filed June 26, 1990, at 6.

The Court was not enraged at the testimony. Additionally, the Court did not take the testimony as a "personal insult". Moreover, the trial transcript does not support defense counsel's alleged summary of the Court's feelings on this matter.[4]

NOW, THEREFORE, IT IS ORDERED that Defendant's motion to correct an illegal sentence be, and hereby is, DENIED.

The Clerk is directed to certify copies of this Order to Defendant and the United States Attorney.

---

**4.** After Mr. Laughrun testified, the Court stated: "All right, thank you sir. You may come down. You may be excused without objection from either party." Trans. at 984–95.

After Defendant testified, the Court did not make any comment. Trans. at 1032. The Court did not give any indication regarding it being insulted during Defendant's testimony.

After Defendant's wife testified, the Court stated:

"I don't know how to rebut that, but you have anything, Mr. Cogburn?"

It can hardly be said that Defendant has demonstrated that the Court was acting in a retaliatory manner. Moreover, Defendant's reliance on *United States v. Mazzaferro,* 865 F.2d 450 (1st Cir.1989) is misplaced. In that case, the First Circuit found that a defendant's due process rights were violated when he received a more severe sentence than his co-defendants (who pleaded guilty) after exercising his right to a jury trial. That court did not hold that a defendant has a right to commit perjury on the witness stand. The Supreme Court specifically rejected that contention in *United States v. Grayson,* 438 U.S. at 55, 98 S.Ct. at 2618.